In re LEWIN.

(District Court, D. Vermont.   July 21, 1900.)

No. 63.

1. BANKRUPTCY—PETITION BY TRUSTEE AGAINST ATTORNEYS—SUFFICIENCY OF NOTICE.

Under Bankr. Act 1898, § 60d, which requires a court of bankruptcy, on petition of a trustee, to re-examine a transaction by which the bankrupt, prior to the filing of a petition by or against him, paid money or transferred property to any attorney, and to order a repayment of any amount paid, beyond a reasonable fee, a proceeding for that purpose, had on petition of the trustee, is one administrative in character, in which the jurisdiction of the court is not dependent on the service of regular process, as in a suit, but is expressly given by the statute; and a notice of a hearing therein before a referee, given by mail to the attorneys interested, a reasonable time before such hearing, is sufficient.

2. SAME—REFEREES—FURNISHING COPIES OF PROCEEDINGS.

Referees in bankruptcy are required by Bankr. Act 1898, § 39a, cl. 3, to furnish parties in interest with such information as may be requested, as to proceedings before them, but they are not required to furnish copies of such proceedings; and the jurisdiction of a referee to proceed with a hearing on a reference made by the court is not affected by his refusal to furnish a party, on demand, with a copy of the petition on which the hearing is based, and of the order of reference.

In Bankruptcy.   Proceedings on petition of trustee against attorneys to recover money paid them by the bankrupt.

Marshall Montgomery, for trustee.
Bates, May & Simonds, for attorneys.

WHEELER, District Judge.   The bankrupt act provides (section 60d):

"If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity, or proctor in admiralty for services to be rendered, the transaction shall be re-examined by the court on petition of the trustee or any creditor and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."

The trustee has preferred such a petition as to a firm of attorneys for the bankrupt, which was specially referred to the referee to find and report the facts, on notice to the attorneys named and the trustee. The report shows that the petition was shown by the referee to one of the attorneys before the reference; that 10 days' notice was given by the referee by mail (all in the same village) to the attorneys and the trustee, after the reference, of the reference and the time and place of hearing; that the attorneys, by mail, required of the referee "a copy of the complaint and order of court," and were by mail informed that the petition was the one examined before by one of them, which they could have, to examine, at any time they should wish to call for it; that one of the attorneys appeared at the hearing, denying the jurisdiction of the court, and suggesting in writing that the report show that no copy of the petition was ever given to any member of the firm of attorneys, that the evidence be sent up with any finding that might be made, and that the purpose of the suggestions was to avoid any

admission of jurisdiction. The referee complied with these suggestions, and reported that no copy of the petition or reference was furnished, and upon the evidence reported the finding that the bankrupt, after the petition and schedules were drawn, and before they were filed, gave the attorneys an order for wages, when due him, on which they soon after received $82.65. The matter has now been heard upon the report, and the principal points made by the attorneys are as to the jurisdiction of the court, and the sufficiency of the notice of the hearing before the referee; and the case of Bardes v. Bank, 175 U. S. 526, 4 Am. Bankr. R. 163, 20 Sup. Ct. 1000, Adv. S. U. S. 1000, 44 L. Ed. ——, is especially relied upon as to the general jurisdiction of the court; and that of In re Rosser (C. C. A.) 4 Am. Bankr. R. 153, 101 Fed. 562, as to the regularity of the proceedings. The decision in Bardes v. Bank, however, was as to the effect of clause "b" of section 23 of the act, limiting the place of bringing suits by the trustee, and does not appear to have any application to such proceedings as these, in which a re-examination of such transactions as that here in question is not only authorized, but expressly required, on such a petition as the one by which this proceeding was moved. This is not a suit such as is mentioned in that clause of section 23, but is an administrative proceeding, of which the bankruptcy court has express jurisdiction, given by this clause "d" of section 60, if it would not have any by the general grant of jurisdiction over bankrupts and their estates, and of their attorneys in the proceedings, as officers of the court. This specific provision seems to have been rather intended for requiring specific vigilance in this quarter, and for providing for a recovery of any excess from the attorneys, than for any special grant of jurisdiction, which, however, it plainly gives. The course of legal proceedings necessary to be had to affect private rights is well stated by Judge Sanborn in Rosser's Case, cited. He says at page 159, 4 Am. Bankr. R., and page 567, 101 Fed.:

"Such a course must be appropriate to the case, and just to the party affected. It must give him notice of the charge or claim against him, and an opportunity to be heard respecting the justice of the order or judgment sought. The notice must be such that he may be advised from it of the nature of the claim against him, and of the relief sought from the court if the claim is sustained."

There the proceedings against the bankrupt for contempt were held bad because no such course of proceedings was taken or notice given. Here the course of proceedings was by petition of the trustee, as the statute provides, and which fully sets forth the claim made and the relief sought. The notice of it was official, from the referee having the powers of the court in this respect given by the law. The complaint is not that sufficient time was not given, but that a copy was not furnished voluntarily, nor upon requirement. Courts do not furnish copies of proceedings pending before them; and referees, as such, are not required to, but only, by section 39a, cl. 3, to furnish such information as may be requested by parties in interest. Copies of bills in equity are not served in the federal courts, but only the subpœnas, which give notice merely that the bills are on file, to be answered; and the defendants may examine them and take copies, or procure

them from the clerk on payment of fees. No one is known to have ever pretended that this was not due process of law, or would not be if the court should decline, on request, to furnish a copy. This notice appears to have been ample, proper and fair.

The attorneys appear to have preferred to stand upon the objections of want of jurisdiction and of notice, rather than upon showing what would be a reasonable amount for which the transaction should be held valid. They were entitled to a priority for one reasonable attorney's fees for the professional services actually rendered to the bankrupt in performing the duties required by the act of the bankrupt, as the court might allow. Section 63b. This does not include services in hostility to the creditors for depleting the estate, but only those about the preparation and filing of the original petition and schedules and the petition for discharge, and the like, which the bankrupt must or may make. As no claim for such services was presented for allowance, none could be allowed, and no reasonable amount for which the transaction could be held valid was made to appear; and the recovery here cannot possibly be less than for the full amount received. It may, however, be without prejudice to the payment by the trustee of such sum for proper services and expenditures as may be allowed by the court. Report accepted, and judgment on report for $82.65, with costs, without prejudice to allowance and payment of claim for services and expenditures.