## IN THE MATTER OF THE ESTATE OF S. W. LEDERER, an involuntary bankrupt.

### DECIDED: SEPTEMBER 2, 1902.

1. Under Section 11, Subdivision A, of the Bankruptcy Act of 1898, the United States District Court sitting as a court of bankruptcy, has full power, pending a hearing upon a petition in bankruptcy, to stay by summary process all proceedings in a territorial court affecting the property of the alleged bankrupt, where it appears that such proceedings are founded upon claims from which a discharge would be a release.

2. Pending the hearing upon a petition in an involuntary proceeding in bankruptcy, restraining orders will issue out of the bankruptcy court, directed to the Sheriff of the Territory, enjoining him from selling or disposing of the property of the alleged bankrupt levied upon by him under executions issued upon judgments obtained in the territorial courts within four months prior to the filing of the petition in bankruptcy.

3. On July 26, 1902, a petition was filed by certain creditors of an alleged bankrupt, to adjudicate him a bankrupt. The acts of bankruptcy complained of were preferences by legal proceedings to two creditors, who obtained judgments against said alleged bankrupt on the 20th day of June, 1902, in the District Court of the city of Honolulu, Territory of Hawaii. Executions issued on both judgments, and the property of the alleged bankrupt was levied upon by the Sheriff of the Territory of Hawaii, and the same was advertised for sale on the 28th day of June, 1902. Upon application of one of the petitioning creditors, two restraining orders were issued out of this court on July 28, 1902, the day of the sale, enjoining and restraining the said Sheriff from disposing of or selling any of the property levied upon until hearing was had upon the petition in bankruptcy. A motion to dissolve said restraining orders was made and denied, said orders being continued in force under the powers granted the bankruptcy courts by

Section 11, Subdivision A, and also by Section 2, Subdivision 15,. of the Bankruptcy Act of 1898, giving the court "power to make such orders, issue such process and enter such judgments as may be necessary for the enforcement of the provisions of this Act."

IN BANKRUPTCY. MOTION TO DISSOLVE RESTRAINING ORDERS. DIRECTED TO SHERIFF OF HAWAII.

*Holmes & Stanley,* for petitioning creditors.
*Thayer & Hemenway,* for judgment creditors.

ESTEE, J. This is a motion to dissolve two certain restraining orders granted by this court in the matter of the above estate on the 28th day of July, 1902, whereby the Hawaiian Star Newspaper Association, Limited, a corporation, and Hoffschlaeger & Co., Limited, a corporation, their officers, servants, agents, etc., and Arthur M. Brown, High Sheriff of the Territory of Hawaii, were restrained and enjoined from selling, disposing of or in any way interfering with the property of S. W. Lederer until an adjudication upon the petition to adjudge him a bankrupt then pending before this court should be had.

On July 26, 1902, a petition to adjudge the said S. W. Lederer, a bankrupt, was filed by E. C. Winston (who afterwards applied for the restraining orders aforesaid) D. A. Hulse, and H. T. James, creditors of the said bankrupt; that the act of bankruptcy alleged to have been committed by the said Lederer was that within four months prior to the filing of the petition, and while he was insolvent, he permitted the Hawaiian Star Newspaper Association, Limited, to obtain a preference through legal proceedings by suffering and permitting the said Hawaiian Star Newspaper Association, Limited, to obtain a judgment against him on the 20th day of June, 1902, for the sum of $113.90 in the second District Court of the city of Honolulu, upon which execution was issued and his property seized by the High Sheriff of Honolulu and advertised for sale on the 28th day of July, 1902.

On the said 26th day of July, 1902, and contemporaneous with the filing of said petition to adjudge said Lederer a bankrupt, the said E. C. Winston filed two certain petitions with the

court setting up first, the facts in relation to the aforesaid judgment of the Hawaiian Star Newspaper Association, Limited, and the levy upon the property of the said Lederer by the said sheriff, and also the further allegations that on the 18th day of June, 1902, Hoffschlaeger & Co., a creditor of the said Lererer, had commenced an action against the said Lederer in the Second District Court of Honolulu upon a claim of $97.24; that the same was prosecuted to judgment and that on the 20th day of June, 1902, the said Lederer permitted a judgment of $115.39 to be entered up against him in said court, and that upon said judgment execution had been issued to Arthur M. Brown, the Sheriff of the Territory of Hawaii, who had made a levy upon the property of the said Lederer under the said execution, and in both of the said cases had advertised the property for sale and intended to sell the same on the 28th day of July, 1902, which if he was permitted to do, would enable the Hawaiian Star Newspaper Association, Limited, and the said Hoffschlaeger & Co., Limited, to obtain a greater percentage of their respective debts than they were entitled to.

Upon considering the said petitions, the two restraining orders complained of were issued out of this court on the 28th day of July, 1902, directed to the said Hoffschlaeger & Co., Limited, and the said Hawaiian Star Newspaper Association, Limited, and to the said Arthur M. Brown, Sheriff as aforesaid, in each case, enjoining and restraining them, their officers, agents, servants, etc., from interfering with the property of the said S. W. Lederer until a hearing could be had upon the petition of the said E. C. Winston and others to have the said Lederer adjudged a bankrupt; and also ordering them to appear and show cause on the 20th day of August, 1902, why the said restraining orders should not be continued for the space of 12 months from the date of adjudication, upon the petition of the said E. C. Winston and others to have the said Lederer declared a bankrupt; or if the said Lederer shall be adjudged a bankrupt, and shall apply for a discharge, then until the question of such discharge shall be determined; also to show cause why the writ of injunction should not issue under the seal of this court.

· Whereupon the motion to dissolve the restraining orders was made.

The real point upon which said motion is based is briefly this: that this court has not power by summary process to stay proceedings in a state court in which a suit is pending concerning the property of the alleged bankrupt, at the time of the filing of the petition in bankruptcy, and before adjudication is had thereon.

The object of the Bankruptcy Act of 1898 is to relieve a debtor of all his indebtedness save the debts set forth in Section 17 of the Act, such as taxes due to either the United States, or any state, county, district or municipality in which he resides, or judgments in actions for frauds, etc., etc., after he shall have turned over to the Bankruptcy Court all of his property to be converted into money and distributed among his creditors who have presented and had their claims approved. The single purpose of the Act is to provide a certain and rapid means for marshaling the bankrupt's estate, and the law will not allow any interference in the matter. It is not the policy of the statute upon a fair construction to allow preferences to either attaching or judgment creditors who sue the bankrupt within four months of the filing of the petition in bankruptcy.

Subdivision f. Section 67 of the Act provides that—

"All levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same and it shall pass to the trustee as a part of the estate of the bankrupt."

In this case it is alleged in the petition praying that Lederer be adjudged a bankrupt, that the judgment obtained by the Hawaiian Star Newspaper Association, Limited, was so obtained within the four months prior to the filing of the said petition and while said Lederer was insolvent; while in the petitions praying for the restraining orders issued, it is shown that

the judgment obtained by the Hawaiian Star Newspaper Association, Limited, and that of Hoffschlaeger & Co., Limited, were obtained within the prohibitory period of four months referred to in Section 67 f.

The Courts of Bankruptcy of the United States under the Act of 1898 are "the district courts of the United States in the several states, the Supreme Court of the District of Columbia, the district courts of the several territories, and the United States Courts in the Indian Territory and the District of Alaska." (Section 2).

And in addition to the enumerated powers set forth in said Section 2, they are granted the further power to "make such orders, issue such process and enter such judgments as may be necessary for the enforcement of the provisions of this Act." (Subdv. 15 Sec. 2).

Section 720 of the Revised Statutes of the United States provides that—

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

It is provided by Section 11 Subdivision A. of the Bankruptcy Act, that—

"A suit which is founded upon a claim from which a discharge would be a release and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition;"

And further provides—

"That if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time, such person applies for a discharge, then until the question of such discharge is determined."

There is no contention in this case that the judgments obtained by the Hawaiian Star Newspaper Association, Limited, and Hoffschlaeger & Co., Limited, are not founded upon claims that

are dischargeable in bankruptcy; and they would therefore come within the provisions of Section 11 A. aforesaid.

The statute seems too clear to be misunderstood, and it is evidently the meaning and intent of the Bankruptcy Law that the bankruptcy courts shall have full and complete jurisdiction and power over the assets of the bankrupt wherever they may be; and while it is true, that these restraining orders were issued before the hearing upon the petition to declare Lederer a bankrupt, yet they simply act as a stay to prevent the property of the bankrupt levied upon under the judgments being sold and passing into the hands of strangers, until it can be determined whether the said Lederer is a bankrupt; and then the question of whether the judgments are void as having been obtained within the restricted period of four months may be passed upon. If Lederer is adjudged a bankrupt by this court, and it is apparent that these judgments were obtained within the statutory four months prior to the filing of the petition, the judgments are null and void. The adjudication will at once vacate the judgments, and whatever jurisdiction the territorial court had over the matter would cease.

*In re Richards,* 96 Fed. 935; *St. Cyr v. Daignault,* 103 Fed. 854; *In re Kenney* (C. C. A.) 105 Fed. 897; in which latter case restraining orders were issued under analagous circumstances.

*In re Tune,* 115 Fed. 906. See also *Lum Man Suk,* District Court of Hawaii, Sep. 20, 1901; ([1]) *In re Paul Voeller,* U. S. District Court of Hawaii, Jan. 6, 1902, ([2]) where the matter is fully gone into.

It has been held that the power of the bankruptcy court to prohibit any proceedings in a state court by a creditor to enforce a lien upon the bankrupt's property is to be exercised summarily and does not require a formal suit. *In re Clark,* 9 Blatch. (U. S.) 372.

While the Supreme Court of the United States in the case of *Bank v. Sherman,* 101 U. S. 403, stated that the filing of a petition in bankruptcy is a caveat to all the world and in effect an attachment and an injunction.

It is not reasonable to suppose that where, as has been decided many times, an adjudication of a person as a bankrupt, will vacate and render null and void any judgment obtained against him while insolvent within four months prior to the filing of the petition in bankruptcy, that the power of this court is so limited that it cannot stay the proceedings of a state court or any officer thereof pending such determination.

As was said in the case of *In re Mallory*, 1 Sawyer, (U. S.) 88, 98, affirmed by Circuit Judge Field;

"Especially in involuntary cases (like the one at bar), there is therefore good reason for giving the court power to enjoin between the time of the filing of the creditors' petition and the return of the order to show cause, as there is in these cases no voluntary surrender of property and the title cannot vest in the assignee until after the adjudication."

The motion to dissolve the restraining orders is denied, the said orders to be continued in full force in accordance with the terms thereof.

(1)   See *ante, In re Lum Mam Suk*, P. 135.

(2)   See *ante, In re Voeller*, P. 191.