# DURHAM *v.* SEYMOUR.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 769. Submitted January 13, 1896. — Decided March 2, 1896.

As a claim of invention, made in an application for a patent, is a right incapable of being ascertained and valued in money, no appeal lies to this court from a judgment of the Court of Appeals for the District of Columbia, affirming the decision of the Supreme Court of the District that the applicant was not entitled to a decree, under Rev. Stat. § 4915, authorizing the Commissioner of Patents to issue a patent to him for his alleged invention.

THIS was a bill brought by Caleb W. Durham, under the provisions of section 4915 of the Revised Statutes, in the Supreme Court of the District of Columbia, to obtain a decree authorizing the Commissioner of Patents to issue a patent to him for an improved drainage apparatus for buildings. The Supreme Court adjudged on the evidence that Durham was not entitled to a decree, and dismissed the bill, whereupon he carried the case by appeal to the Court of Appeals for the District of Columbia, and that court affirmed the decision of the court below. From this decree an appeal was taken to this court, and a motion was made to dismiss the appeal for want of jurisdiction.

Section 4915 is as follows: "Whenever a patent on application is refused, either by the Commissioner of Patents or by the Supreme Court of the District of Columbia upon appeal from the Commissioner, the applicant may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication, and otherwise complying with the require-

ments of law. In all cases, where there is no opposing party, a copy of the bill shall be served on the Commissioner; and all the expenses of the proceeding shall be paid by the applicant, whether the final decision is in his favor or not."

Section 8 of the act establishing the Court of Appeals of the District of Columbia and for other purposes, approved February 9, 1893, c. 74, 27 Stat. 434, provides:

" SEC. 8. That any final judgment or decree of the said Court of Appeals may be reëxamined and affirmed, reversed, or modified by the Supreme Court of the United States, upon writ of error or appeal, in all causes in which the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars, in the same manner and under the same regulations as heretofore provided for in cases of writs of error on judgments or appeals from decrees rendered in the Supreme Court of the District of Columbia; and also in cases, without regard to the sum or value of the matter in dispute, wherein is involved the validity of any patent or copyright, or in which is drawn in question the validity of a treaty or statute of or an authority exercised under the United States."

The act of March 3, 1885, c. 355, 23 Stat. 443 reads thus:

" That no appeal or writ of error shall hereafter be allowed from any judgment or decree in any suit at law or in equity in the Supreme Court of the District of Columbia, or in the Supreme Court of any of the Territories of the United States, unless the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars.

" SEC. 2. That the preceding section shall not apply to any case wherein is involved the validity of any patent or copyright, or in which is drawn in question the validity of a treaty or statute of or an authority exercised under the United States; but in all such cases an appeal or writ of error may be brought without regard to the sum or value in dispute."

*Mr. Levin H. Campbell* for the motion.

*Mr. J. Nota McGill* and *Mr. Don M. Dickinson* opposing.

Mr. Chief Justice Fuller delivered the opinion of the court.

Appeals to this court from the Court of Appeals of the District of Columbia are governed by section 8 of the act of February 9, 1893. It is essential to our jurisdiction that it should appear that the matter in dispute in the courts below was money to an amount exceeding five thousand dollars exclusive of costs, or some right, the value of which could be ascertained in money and exceeded that sum; or that the validity of a patent or copyright was involved; or that the validity of a treaty or statute of or an authority exercised under the United States was drawn in question. *South Carolina* v. *Seymour*, 153 U. S. 353, and cases cited.

The question here was whether Durham was "entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear." What Durham sought was to obtain an adjudication authorizing the Commissioner of Patents to issue a patent to him, and the matter in dispute was whether Durham was entitled to a patent as for a patentable invention.

Durham had presented his application for a patent, filed in due form, to the Commissioner of Patents in accordance with section 4888 of the Revised Statutes, which application was rejected by the Commissioner, and thereupon he appealed to the Supreme Court of the District of Columbia in general term, which affirmed the decision of the Commissioner. He then filed this bill in equity in accordance with section 4915 of the Revised Statutes, and although, as remarked by Mr. Justice Blatchford, in *Gandy* v. *Marble*, 122 U. S. 432, 439, it "is a suit according to the ordinary course of equity practice and procedure, and is not a technical appeal from the Patent Office, nor confined to the case as made in the record of that office, but is prepared and heard upon all competent evidence adduced upon the whole merits, yet the proceeding is, in fact, and necessarily a part of the application for the patent." Considered in this light it is clear that the validity of a patent was not involved. And we may add that it appears to us to be quite

inconsistent with the intention of Congress for this court to take jurisdiction on appeal of applications for patents in view of the provisions in relation to appeals from the Circuit Courts of Appeals under the act of March 3, 1891, c. 517, 26 Stat. 826. *United States* v. *Amer. Bell Telephone Co.*, 159 U. S. 548.

The matter in dispute was not money, and the only remaining inquiry is whether it was a right capable of being ascertained in money and appearing to be of the requisite pecuniary value?

The answer to this inquiry requires the application of the settled and necessary principle that the matter in dispute is, as was said by Mr. Justice Field in *Lee* v. *Watson*, 1 Wall. 337, 339, "the subject of the litigation — the matter for which the suit is brought," and that matter here was the issue of a patent, that is, an application to the courts below to hold the alleged invention patentable and authorize a patent to be issued.

It is true that "the discoverer of a new and useful improvement is vested by law with an inchoate right to its exclusive use, which he may perfect and make absolute by proceeding in the manner which the law requires;" and that an assignment may, under circumstances, be made which will operate upon the perfect legal title which the discoverer had a lawful right to obtain, as well as upon the imperfect and inchoate interest which he may actually possess. *Gayler* v. *Wilder*, 10 How. 477, 493.

So rights growing out of an invention may be sold, whether the sale in any case carries with it anything of value or not. *Hammond* v. *Mason & Hamlin Organ Co.*, 92 U. S. 724, 728. But "until the patent is issued there is no property right in it, that is, no such right as the inventor can enforce. At all events there is no power over its use, which is one of the elements of the right of property in anything capable of ownership." *Marsh* v. *Nichols*, 128 U. S. 605, 612; *Brown* v. *Duchesne*, 19 How. 183.

The right to apply for a patent was being availed of in this proceeding and the invention cannot be regarded for jurisdictional purposes as in itself property or a right of property having an actual value susceptible of estimation in money.

Whether the alleged invention were patentable or not was the question, and that question had no relation to its value in money. If the invention were not patentable, Durham had suffered no loss; if the invention were patentable, it was not material whether it had or had not a money value.

The bill, properly enough, does not allege that any sum of money was in dispute, although there are averments·that the value of the invention is generally recognized, and that sundry persons are deriving large profits in making the device sought to be patented. Evidence of that kind, though not controlling, is sometimes introduced in suits on patents as indicative of invention in the production of new and beneficial results, but it is not relevant here, nor are the affidavits presented on the question of value if the patent were granted. The matter in dispute must have actual value, and that cannot be supplied by speculation on the possibility that, in a given case, an invention might be held patentable.

In *Sparrow* v. *Strong*, 3 Wall. 97, jurisdiction was sustained on the ground that a mining claim acquired under mining rules and customs recognized by the laws of the Territory of Nevada, though the land where it existed had never been surveyed and brought into market, might be the subject of estimate in money; that the claim might perhaps have existed under the former governments of Spain or Mexico, and that, moreover, mining interests apart from fee simple rights in the soil, existed, before the act of Congress of February 27, 1865, under the implied sanction of the Federal government. The distinction between that case and the one before us is obvious.

We are of opinion that the matter in dispute in this case was not capable of being valued in money, and that the appeal must be dismissed.

It is suggested that jurisdiction was entertained in *Gandy* v. *Marble*, 122 U. S. 432; *Hill* v. *Wooster*, 132 U. S. 693, and *Morgan* v. *Daniels*, 153 U. S. 120, to the contrary of the conclusion at which we have arrived. But *Morgan* v. *Daniels* and *Hill* v. *Wooster* were appeals from Circuit Courts taken before the passage of the judiciary act of March 3, 1891, and when section 699 of the Revised Statutes was in force, which

allowed appeals from those courts irrespective of the sum or value of the matter in dispute in cases "touching patent rights"; and while we admit that a patent right does not exist while the proceeding to obtain it is pending, yet we think that such a proceeding constituted a case touching patent rights within section 699. And *Gandy* v. *Marble* was an appeal from the Supreme Court of the District of Columbia taken before the passage of the act of March 3, 1885, and when the final decrees of that court could be revised by this court on appeal in the same manner and under the same regulations as decrees of Circuit Courts. Rev. Stat. § 705; Rev. Stat. Dist. Col. § 846.

*Appeal dismissed.*