# HUNTINGTON *v.* SAUNDERS.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 928. Submitted May 4, 1896.—Decided May 25, 1896.

The objections of a creditor to the discharge of a bankrupt being dismissed for want of prosecution, the creditor filed his petition for revision in the Circuit Court of the United States. Issues were made up and the case heard. The Circuit Court held that the petition must be dismissed and an order to that effect was entered. Thereupon the creditor appealed to the Circuit Court of Appeals, which court dismissed the appeal for want of jurisdiction. Appeal was taken to this court. *Held,* that this court had jurisdiction of such an appeal, when it appeared affirmatively that the amount in controversy exceeded $1000, besides costs, which did not appear in this case.

MOTION to dismiss.

The case is stated in the opinion.

*Mr. William B. Durant* for the motion.

*Mr. Bancroft Gherardi Davis* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

William A. Saunders was adjudicated bankrupt by the District Court of the United States for the District of Massachusetts, October 1, 1875, on petition of creditors filed July 13, 1875. Saunders applied for a discharge by petition filed

July 19, 1876, of which notice was given returnable May 25, 1877. James Huntington objected to the granting of the discharge and, on June 4, 1877, filed written specifications of his objections. Several hearings were had thereon before the register, and the hearing was closed in 1878. December 22, 1893, Saunders made an application that the objections to his discharge might be dismissed or heard at an early day. December 23, 1893, the court dismissed Huntington's objections for want of prosecution, and on December 30, 1893, granted the bankrupt's discharge. On January 1, 1894, Huntington gave notice of an application to the Circuit Court for a review of the dismissal of objections and the granting the discharge, and on January 3, 1894, filed his petition for revision in the Circuit Court of the United States for the First Circuit. Issues were made up and the case heard. The Circuit Court held that the petition must be dismissed, 64 Fed. Rep. 476, and on January 16, 1895, an order to that effect was entered. Thereupon Huntington appealed to the Circuit Court of Appeals for the First Circuit, which court dismissed the appeal for want of jurisdiction, February 3, 1896. 33 U. S. App. 416.

It was stipulated that Huntington was a creditor of Saunders, "and that the amount of his claim against the bankrupt, which will be discharged if the discharge granted to the bankrupt shall stand, amounts to over five thousand dollars ($5000), exclusive of any interest or costs."

From the final decree of the Circuit Court of Appeals Huntington prayed an appeal to this court, which was allowed, and having been docketed here, a motion to dismiss was made.

This appeal is prosecuted under the last clause of section six of the judiciary act of March 3, 1891, providing: "In all cases not hereinbefore, in this section, made final there shall be of right an appeal or writ of error or review of the case by the Supreme Court of the United States where the matter in controversy shall exceed one thousand dollars besides costs."

This is not one of the cases in which the decrees or judgments of the Circuit Courts of Appeals are made final by that section, but in our opinion the matter in controversy does not exceed one thousand dollars besides costs. The proof of Hunt-

ington's claim was not in controversy nor the amount of it. Whether Saunders was entitled to a certificate of discharge was in controversy, but even assuming that the value of this certificate was susceptible of an estimate in money, there was no evidence whatever in the record tending to show this value. *South Carolina* v. *Seymour*, 153 U. S. 353, 358. Huntington was entitled to share in whatever assets passed to the assignee, and whether Saunders had acquired new assets after he was put into bankruptcy did not appear.

The matter in controversy must have actual value, and that cannot be supplied by speculation on the possibility that if a discharge were refused something might be made out of the bankrupt. *Durham* v. *Seymour*, 161 U. S. 235.

*Appeal dismissed.*