## BARDES v. HAWARDEN FIRST NATIONAL BANK.

CERTIFICATE FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA.

No. 429. Submitted December 20, 1899. —Decided December 22, 1899.

The decision in *McLish* v. *Roff*, 141 U. S. 661, that appeals or writs of error in cases in which the jurisdiction of the court was in issue, can only be taken directly to this court after final judgment, and the decision in *United States* v. *Rider*, 163 U. S. 132, that review by appeal, writ of error and otherwise must be as prescribed by the judiciary act of March 3, 1891, c. 517, and that the use of a certificate was limited by it to a certificate by the courts below, after final judgment, of questions made as to their own jurisdiction, and to the certificate by the Circuit Courts of Appeals of questions of law, in relation to which the advice of this court is sought as therein provided, are applicable to cases arising under the bankruptcy act of July 1, 1898, c. 541; and, as this case has not gone to judgment, the certificate must be dismissed.

THE case is stated in the opinion.

*Mr. Clarence A. Brandenburg, Mr. William F. Lohr, Mr. Henry C. Gardiner, Mr. Frederick W. Lohr, Mr. Deloss C. Shull* and *Mr. William H. Farnsworth* for plaintiff.

*Mr. John Hutchinson* and *Mr. William Milchrist* for defendant.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court:

This is a certificate from the District Court of the United States for the Northern District of Iowa. It appears therefrom that a bill of complaint was filed in that court sitting in bankruptcy by Bardes, trustee of the estate of Walker, who had been therein adjudged a bankrupt on his own petition, seeking to set aside the transfer of a stock of goods by the bankrupt, and to compel defendants to account for the goods or their proceeds, because the transfer was in fraud of the provisions of the bankruptcy act, and of the creditors of the bank; that defendants interposed a demurrer to

the bill on the ground that the court could not take jurisdiction of the case, and that thereupon it was certified that the court, " desiring to obtain the opinion and instruction of the Supreme Court of the United States for its guidance in the premises, hereby certifies to the Supreme Court for its consideration and determination the following questions," and four questions were thereupon propounded. And it was further ordered that the transcript transmitted to this court should contain the bill, the demurrer and the certificate.

By the twenty-fourth section of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 544, the Supreme Court of the United States, the Circuit Courts of Appeals, and the Supreme Courts of the Territories were invested with " appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases." And it was also provided, § 25, d, that " controversies may be certified to the Supreme Court of the United States from other courts of the United States, and the former court may exercise jurisdiction thereof and issue writs of certiorari pursuant to the provisions of the United States laws now in force or such as may be hereafter enacted."

By the fifth section of the judiciary act of March 3, 1891, c. 517, 26 Stat. 826, it was provided that appeals or writs of error might be taken from the District Courts or from the Circuit Courts direct to this court, among other cases, in any case in which the jurisdiction of the court was in issue; but that in such cases the question of jurisdiction alone should be certified from the court below for decision ; by the sixth section, that in cases made final in the Circuit Courts of Appeals, those courts might at any time certify to this court any questions or propositions of law concerning which they desired instruction for the proper decision of the cases, and this court might answer the questions, or might require the whole record and cause to be sent up for consideration ; and also that in respect of cases so made final, it should be competent for this court to require by certiorari or otherwise any such case to be certified to this court for review and deter-

mination with the same power and authority as if it had been brought here by appeal or writ of error.

It was early held under that act, *McLish* v. *Roff*, 141 U. S. 661, that appeals or writs of error in cases in which the jurisdiction of the court was in issue could only be taken directly to this court after final judgment; and subsequently in *United States* v. *Rider*, 163 U. S. 132, that review by appeal, writ of error, or otherwise, must be as prescribed by that act, and that the use of certificate was limited by it to the certificate by the courts below, after final judgment, of questions made as to their own jurisdiction, and to the certificate by the Circuit Courts of Appeals of questions of law in relation to which the advice of this court was sought as therein provided. We there held that the act of March 3, 1891, covered the whole subject-matter, and furnished the exclusive rule in respect of appellate jurisdiction, on appeal, writ of error or certificate.

The bankruptcy act has made no change in this regard, and as this case has not gone to judgment, the certificate must be

*Dismissed.*