## SMITH v. KEEGAN.

### (Circuit Court of Appeals, First Circuit.   October 17, 1901.)

### No. 384.

BANKRUPTCY—DISCHARGE—GROUNDS FOR REFUSAL.
  To authorize the refusal of a discharge to a bankrupt on the ground that he has committed an offense punishable by imprisonment under Bankr. Act 1898, it must be clearly shown that the alleged acts were committed with unlawful intent.

Appeal from the District Court of the United States for the District of Massachusetts.

John J. Scott, for appellant.
Gilbert O. Burnham, for appellee.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge.   This is an appeal from an order of the district court for the district of Massachusetts, sitting in bankruptcy, granting a discharge to the bankrupt, who is the appellee.   The only portions of the record brought before us are the report of the referee, which was before the district court, and an examination of the bankrupt by the creditor, who is the appellant.   The only grounds of opposition to the discharge which are brought before us are, in substance:   First, that the bankrupt made a false oath in his schedule of creditors filed by him as a bankrupt, in that the same set out that the appellant resided on Green street, in Boston, while in fact he never lived there, and in that the bankrupt thus willfully, knowingly, and falsely made oath with reference to the creditor's place of residence; second, that the bankrupt is the owner of a certain parcel of land which stands in the name of his wife in trust for the bankrupt, but that the bankrupt, while a bankrupt, knowingly and fraudulently concealed from the trustee his ownership of such real estate; and, third, that the bankrupt, while a bankrupt, knowingly and fraudulently concealed some $2,800.

The several grounds of opposition fall, of course, within the purview of that portion of section 14b of the act to establish a uniform system of bankruptcy throughout the United States, approved on July 1, 1898, which relates to committing an offense punishable by imprisonment.   With reference to the first objection, nothing appears in the examination of the bankrupt, or in the facts stated by the referee, except matters which are of too indefinite and loose a character to justify any tribunal, whether proceeding in a civil suit or in a criminal cause, to find the unlawful intent which the statute requires in this connection.   So far as the second and third specifications, which are in essence one, are concerned, we do not find it necessary for this case to determine whether or not the bankrupt has any interest in any property which the trustee might reach by any proceeding at law or in equity, because clearly there is nothing in the record which shows the unlawful purpose required by the stat-

ute to justify the refusal of the bankrupt's discharge. In this latter particular we agree with the referee in his finding, which was approved by the district court, that the specifications are wholly unsupported by the evidence. As only mere questions of fact are involved, nothing would be gained by extending this opinion in reference thereto.

The order of the district court granting a discharge is affirmed, and the costs of appeal are awarded to the appellee.