## OSBORNE v. PERKINS.

### (Circuit Court of Appeals, First Circuit. November 11, 1901.)

### No. 397.

1. BANKRUPTCY—REFUSAL OF DISCHARGE—REVIEW ON APPEAL.
   The decision of a court of bankruptcy refusing a discharge to a bankrupt on an issue of fraud, which is essentially one of fact, will not be reversed on appeal unless plain and manifest error appears.[1]
2. SAME—FRAUDULENT CONCEALMENT OF PROPERTY.
   Where it is shown that a bankrupt, although duly advised that he should include all property of value in his schedule, in fact omitted property of value, while including other property of no value, such evidence warrants a finding of fraudulent intent, and the refusal of his discharge unless his conduct is satisfactorily explained.

---

[1] Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

**3. Same—Appeal—Question Reviewable.**
> Where no objection to the sufficiency of the specification of objections to the discharge of a bankrupt is presented to or decided by the district court, the question cannot be considered on appeal.

Appeal from the District Court of the United States for the District of Massachusetts.

James Hamilton, for appellant.
J. Arthur Wainwright, for appellee.

Before COLT, Circuit Judge, and WEBB and ALDRICH, District Judges.

ALDRICH, District Judge. This is an appeal from a decree of the district court wherein the discharge of the bankrupt was refused, and raises the question of fact presented by the assignment of errors. The assignment of errors presents no question of law. The discharge was refused upon findings of fact, and upon the ground that the bankrupt knowingly and fraudulently concealed property from the trustee.

This issue of fact was raised before the referee, and the objections to the discharge were heard by the district court October 4, 1899, and the discharge was refused upon the ground that the omission of property of value from the schedule was intentional. Upon a subsequent rehearing upon evidence and argument, the judge again refused the discharge upon the ground that the bankrupt had knowingly and fraudulently concealed his property.

Where the issue is fraud, the essential question is peculiarly one of fact to be decided by the tribunal of first instance upon its conviction one way or the other after seeing the witnesses and hearing the evidence. To such a situation the familiar rule applies that the finding below, whether through a verdict or through a decision by a judge or a chancellor, will not be disturbed unless the appellate court can clearly see that it is opposed to the weight of evidence, or, as otherwise stated, unless plain and manifest error appears. This record does not warrant such a conclusion. Indeed, it is clear that the court below properly refused the discharge. The bankrupt, upon his own statement, being advised that he should not omit property of value, did omit property of value, while he scheduled various alleged properties which were of no value. Such conduct at once makes a strong case of wrongdoing, and, unless satisfactorily explained, would be quite conclusive against the bankrupt upon the issue of fraud. Such explanation was not made in this case, and the court was therefore right in refusing the discharge.

Another question was first made upon argument here, namely, that the charge of wrongdoing was not stated with sufficient particularity in the creditor's objections. If that question were before us, it would quite likely become a serious one for the objecting creditor; but the record does not show that any point was taken below as to lack of sufficient particularity in the amended specification of objections by the creditor. Therefore no question of law was presented to that court for a decision, and, there being no decision

of such a question, there is nothing in that respect to appeal from or to review; neither is the point presented by the assignment of errors, and the question is not before us. The record does show that the issue of fact as to fraud was raised upon the evidence, and the parties fully heard thereon.

The decree of the district court is affirmed, with costs.