# CASES

## ARGUED AND DETERMINED

IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### In re OSBORNE.

**(Circuit Court of Appeals, First Circuit. April 23, 1902.)**

#### No. 418.

1. BANKRUPTS—DISCHARGE—OBJECTIONS—TIME FOR FILING—AMENDMENTS.

> The district court has discretion to permit substitute specifications to be filed by a creditor objecting to a bankrupt's discharge, after the 10 days allowed by law, where they are merely enlargements of specifications already filed.

2. JUDICIAL KNOWLEDGE—RECORDS OF COURT—DUTY TO TAKE.

> Though it is well settled that a federal court can take judicial knowledge of its own records, it is not clear that it is always required to do so, and the better way of proceeding with respect thereto is for the party to set them out by plea and proof.

3. BANKRUPTS—DISCHARGE—DEFECTIVE SPECIFICATIONS OF OBJECTING CREDITOR —WAIVER OF DEFECT.

> Objection by a bankrupt that the specifications of a creditor, objecting to a bankrupt's discharge on the ground that he had concealed his assets, were defective because not averring that he acted knowingly and fraudulently, was waived where not taken in the court below, and where, notwithstanding the defective specification, the issue as to fraud was fully heard.

4. SAME—PETITION FOR REVIEW.

> Quære, whether this proceeding should have been by a petition for revision under the bankruptcy act, or a petition in the nature of a bill of review, according to the general equity practice.

Petition for Revision of Proceedings of the District Court of the United States for the District of Massachusetts, in Bankruptcy.

James Hamilton, for petitioner.

J. Arthur Wainwright, for respondent Justin B. Perkins.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. This petition relates to the refusal of the district court for the district of Massachusetts to grant a discharge in bankruptcy to the petitioner. The matter came before us on appeal in Osborne v. Perkins, in which, on November 11, 1901 (50 C. C. A.

158, 112 Fed. 127), we passed down an opinion, and entered a decree affirming the proceedings of the district court in refusing Osborne a discharge.

The present matter is a petition under the bankruptcy act of July 1, 1898, asking us to revise in matter of law the proceedings of the district court, because the specification of the objecting creditor in opposition to Osborne's petition for a discharge was defective, in that it did not allege that the acts of the petitioner were knowingly and fraudulently done with reference to the matters charged.

There is also one other ground on which the present petition is based, to the effect that additional specifications were filed by the objecting creditor after the expiration of the 10 days allowed for the filing thereof, and after one set of specifications had been filed within that period. Even if there were any matter before us of which we could take cognizance, this last proposition would not avail, because an examination of the additional specifications shows that they were merely enlargements of what had already been filed, and purely amendatory thereof; so that, therefore, it was clearly within the discretion of the district court to allow them.

The present petition contains many propositions, but what we have stated covers the substance of the whole of them. The pith of the answer to the petition is a denial of any error in the proceedings of the district court, and also, as put at bar by the respondent, that the petitioner has already been fully heard on the appeal, and cannot now come here on a petition. It is to be regretted that the respondent did not make the case more full in the latter particular by filing from the records of the district court and from the proceedings in this court on appeal enough to show what were the issues tried, and what was there under adjudication. While it is well settled that we can take judicial knowledge of our own records, it is not at all clear that we are always required to do so. Machine Co. v. Goddard, 37 C. C. A. 221, 95 Fed. 664, 666. The proper and safe way of proceeding, even with reference to the tribunal in which the prior record remains, is by plea and proof.  Nevertheless, as the practice with reference to a petition of the character now before us is not yet fully understood, even if it may be said to be thoroughly settled, we will avail ourselves of the right which we have to take judicial knowledge of our own proceedings.

Doing this, and turning to the appeal before us in Osborne v. Perkins, we find it appeared there that the discharge was refused by the district court on the ground, among other things, that the bankrupt, Osborne, "had knowingly and fraudulently concealed his property." That case was brought before us on that question of fact, and we determined that the record was quite conclusive against the bankrupt on the issue of fraud. Thus the issue which would have been clearly presented by the objecting creditor if his specification had been perfect in the respects to which they are now said to be imperfect was fully tried in both courts.

We should add that it appeared on that appeal that no question as to the form of the specification was presented to the district court, nor by the assignment of errors. Yet the record on the appeal did show that the issue of fact as to fraud was raised on the evidence in the dis-

trict court, and the parties were fully heard thereon in that court. Consequently, the present petitioner stands in the position of one whose case has been tried on the merits, although the pleadings were defective, and without any objection to their insufficiency. Under such circumstances, except in extraordinary instances,—as in some felonies or in some civil cases where it is evident injustice would follow,—the modern rules of practice hold that the party who failed to raise the question of the insufficiency of pleadings waived his rights in that respect, and that, therefore, he can in no way take any advantage therefrom in any appellate tribunal on any form of appeal. This is in harmony with the statutes of jeofails, especially as they apply after verdict, and with section 954 of the Revised Statutes.

Of course, we do not overlook the fact that, inasmuch as the statute of July 1, 1898, provides a special remedy by appeal in case of a refusal of a discharge, there is doubt whether a petition for revision, like this at bar, will lie in reference to that branch of the proceedings in bankruptcy in the district court. Nevertheless, inasmuch as the time limited for appeal is very brief, and inasmuch, also, as there may be proceedings in the district court, sitting in bankruptcy, for which appeals are provided, grievously erroneous on their face, and erroneous under such circumstances that their very errors may have deprived the party prejudiced thereby from the opportunity of an appeal, we are not disposed, until required to do so, to hold that, under peculiar contingencies, there may not lie a petition for revision with reference thereto after the time for appealing has expired. Perhaps, under such circumstances, the proceedings should commence by a petition to the district court in the nature of a bill of review or of a petition for a rehearing, as suggested by us in Re Worcester Co., 42 C. C. A. 637, 102 Fed. 808, 810. In the present case, however, all that we need say is that while, as decided by us in Smith v. Keegan, 49 C. C. A. 282, 111 Fed. 157, it was necessary, in order to defeat his discharge, that the acts of the bankrupt should have been knowingly and fraudulently done, yet, inasmuch as there was a full hearing on the merits in the district court when his application for a discharge came up to be there disposed of, and inasmuch as we must hold that he then knew the state of the record, and yet he made no objection on account of the pleadings, he must be held to have waived all such objections; so that, therefore, he can now have no remedy in reference thereto on any form of appeal.

The petition is denied, with costs for the respondent.