## HUTCHINSON v. OTIS, WILCOX & CO.

### In re HUTCHINSON.

### In re OSBORNE.

(Circuit Court of Appeals, First Circuit. September 4, 1902.)

Nos. 415, 416, 418.

1. BANKRUPTCY—APPELLATE JURISDICTION OF SUPREME COURT—DECISIONS ALLOWING OR REJECTING CLAIMS.

Bankr. Act July 1, 1898, § 25b, 30 Stat. 553, c. 541 [U. S. Comp. St. 1901, p. 3432], expressly excludes an appeal to the Supreme Court from a decision of a Circuit Court of Appeals, allowing or rejecting a claim against a bankrupt estate, except upon a certificate of a justice of the Supreme Court, or where the amount in controversy exceeds $2,000, and the question involved is one which might have been taken on appeal or writ of error from the highest court of a state to the Supreme Court.

2. SAME.

The provisions of Bankr. Act July 1, 1898, § 24a, 30 Stat. 553, c. 541 [U. S. Comp. St. 1901, p. 3431], vesting the Supreme Court with certain appellate jurisdiction from courts of bankruptcy, has no relation to appeals from the Circuit Court of Appeals.

¶ 1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

**8. SAME.**

Section 6, Act March 3, 1891, 26 Stat. 828, c. 517 [U. S. Comp. St. 1901, p. 549], creating the Circuit Courts of Appeals, does not authorize an appeal to the Supreme Court from a decision of a Circuit Court of Appeals rendered on a petition to revise in matter of law the proceedings of a District Court in bankruptcy.

Appeal from and Petitions for Revision of Proceedings in the District Court of the United States for the District of Massachusetts, in Bankruptcy.

See 52 C. C. A. 595, 115 Fed. 1.

Freedom Hutchinson and Albert S. Hutchinson, for appellant.

Ropes, Gray & Gorham and Roland Gray, for appellees.

Before COLT and PUTNAM, Circuit Judges.

PUTNAM, Circuit Judge. In each of these cases an appeal has been claimed to the Supreme Court. The first case is an appeal to us by a trustee in bankruptcy, with reference to a proof of claim which was allowed by the District Court, and the allowance affirmed by us. 53 C. C. A. 419, 115 Fed. 937. The second is a petition for the revision of a decree of the District Court, directing a payment of funds in the hands of the trustee on the ground that the amount decreed to be paid belonged to the proponent in the District Court, on which petition we affirmed the decree. 53 C. C. A. 419, 115 Fed. 937. The third is a petition asking us to revise a decree of the District Court, refusing a discharge to the bankrupt, Osborne, in which case, also, we affirmed the order of the court below. 112 Fed. 127. In each the party now claiming an appeal was the actor in this court.

With reference to the first case, it is so clear that the provision in section 25b of the act of July 1, 1898, 30 Stat. 553, c. 541 [U. S. Comp. St. 1901, p. 3432], granting appeals to the Supreme Court from final decisions of the Circuit Courts of Appeals allowing or rejecting claims offered in proof in bankruptcy, is exclusive with reference to that subject-matter, that it is not necessary that we should enlarge thereon. On this proposition, without pointing out its other qualifications touching the jurisdiction of the Supreme Court, it is certainly enough to refer to the fact that, under section 6 of the act of March 3, 1891, 26 Stat. 828, c. 517 [U. S. Comp. St. 1901, p. 549], the jurisdictional amount is $1,000, while under section 25b, 30 Stat. 553, c. 541, it is $2,000. Of course, the two cannot stand together. The appeals authorized are limited to two classes—one where a certificate has been obtained from some justice of the Supreme Court, and the other where the questions are such as might have been taken up from the highest court of a state. This case fails to come within either class. Nevertheless, the trustee claims that in Pirie v. Chicago Company, 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171, an appeal was allowed generally under the provisions of the act establishing this court. But the question was not passed on in Pirie v. Chicago Company. Indeed, all that is said in reference to it is found at page 440, 182 U. S., page 907, 21 Sup. Ct., 45 L. Ed. 1171; where, after a statement of the proceedings in the Circuit Court of Appeals, it is added, "The case was then brought here." We have examined the printed record in the Supreme Court,

and it appears therefrom that no objection was taken to the appeal, and no issue made about it. The record also shows that one question was the recovery of a dividend already paid. The Supreme Court treats, also, of this. This might well be regarded as a substantial matter, involving something more than a mere proof of debt, so that it is not impossible that, if the Supreme Court regarded at all the question of jurisdiction, it rested it on that point. However, it is enough that the issue of jurisdiction was not noticed, and that the effect of the statute is clear.

In Freedom Hutchinson, Trustee, Petitioner, the trustee claims again that, under section 6 of the act establishing this court, there is a general right of appeal as to all matters involving a federal question, and that the amount at stake is sufficient. This is true, so far as the amount is concerned; and it is true that, if the proceeding in the District Court had been in the nature of a strictly issuable controversy, like an intervening petition under the general rules of equity, and if, also, the trustee had taken it to this court by appeal, instead of by a revisory petition, an appeal would probably lie to the Supreme Court. We have several times called attention to this proposition; last of all in Peabody, Trustee, Petitioner, in which the opinion was passed down by us on July 29, 1902. But while, probably, we might easily be persuaded that the fundamental question was one over which the District Court had no jurisdiction except by consent, on the rule of Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, yet the parties did not so treat the case, and, without objection on either side, they proceeded in this court by a revisory petition. Therefore the only question we have is whether an appeal lies from a determination by us on such a petition.

We must begin with section 23 of the act of July 1, 1898, 30 Stat. 552, c. 541 [U. S. Comp. St. 1901, p. 3431], which provides that the Circuit Courts shall have jurisdiction of "controversies," "as distinguished from proceedings in bankruptcy." It is not necessary to follow this section further, because what we have cited marks the distinction to which we wish to call attention; that is to say, between "controversies at law or in equity" and "proceedings in bankruptcy." The Supreme Court called attention to this distinction in The First National Bank of Denver v. Klug, 186 U. S. 202, 22 Sup. Ct. 899, 46 L. Ed. 1127, in which the opinion was passed down on June 2, 1902. Its closing language is as follows: "Apart from section 25 [meaning section 25 of the act of July 1, 1898, supra], the Circuit Courts of Appeals have jurisdiction on petition to superintend and revise any matter of law in bankruptcy proceedings, and also jurisdiction of controversies over which they would have appellate jurisdiction in other cases." The matters in bankruptcy within this expression are undoubtedly those enumerated in section 2 of the act of July 1, 1898, 30 Stat. 545, c. 541 [U. S. Comp. St. 1901, p. 3420], and referred to several times in Bardes v. Hawarden Bank, wherein, still in the line of discrimination, the opinion, at page 536, 178 U. S., page 1005, 20 Sup. Ct., 44 L. Ed. 1175, alludes also to questions between the trustee and a stranger to the bankruptcy proceedings. Thus, throughout, a distinction is persistently maintained between "controversies," which alone lay the

basis of appeals, and "proceedings in bankruptcy," which are taken up only by revisory petitions.

Coming next to subdivision "a" of section 24 of the act of July 1, 1898, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431], which vests certain jurisdiction in the Supreme Court, it is to be observed that section 25, so far as the Supreme Court is concerned, regulates appeals from orders allowing or rejecting claims. It was, of course, possible that this might have been fairly construed to have limited in all particulars the jurisdiction of the Supreme Court existing when the act of July 1, 1898, was passed; so that section 24, so far as it applies to that court, receives full effect from that point of view. This is illustrated by the fact that in Boyd v. Glucklich, 53 C. C. A. 451, 116 Fed. 131, the Circuit Court of Appeals for the Eighth Circuit apparently understood that the word "controversies," used in section 24, could be construed to include controversies between the bankrupt and his trustee of an issuable character. This section has no relation to appeals from the Circuit Courts of Appeals. Aside from the express provision therein as to the relations of the Supreme Court to courts of bankruptcy not within any organized circuit, and to the Supreme Court of the District of Columbia, this section did not broaden its jurisdiction in any particular. This seems to be necessarily covered in The First National Bank of Denver v. Klug, where an appeal from the District Court for the District of Colorado, sitting in bankruptcy, was dismissed, the opinion stating: "Our jurisdiction of this appeal depends on the act of March 3, 1891, by the fifth section of which (26 Stat. 827, c. 517 [U. S. Comp. St. 1901, p. 549]) an appeal or writ of error from or to the Circuit or District Courts will lie directly 'in any case where the jurisdiction of the court is in issue,' and, in such case 'the question of jurisdiction alone shall be certified from the court below for decision.'" Therefore there is no reasonable ground for holding that the Supreme Court has jurisdiction by appeal in this case, under section 24a, supra.

Coming now to section 24b, the basis of the present proceeding: As it cannot be claimed that there is anything in section 25 which authorizes an appeal to the Supreme Court, and as we have shown that section 24a does not authorize one, the only question is whether there is anything elsewhere which helps this application. Like the Supreme Court in The First National Bank of Denver v. Klug, we must find this, if it exists, in the act of March 3, 1891, 26 Stat. 826, c. 517 [U. S. Comp. St. 1901, p. 547]. The intent of Congress in this subdivision "b" is emphatic, because while, ordinarily, appeals take up questions both of law and fact, this subdivision is limited to matter of law. Very likely the purpose of Congress in this particular was to insure speedy disposition of ordinary questions relating to the administration of an estate in bankruptcy; but, however this may have been, it, by this expression, "matter of law," emphatically distinguished the proceedings under section 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], from all ordinary appeals, where both the facts and the law come up. Section 6 of the act of March 3, 1891, supra, establishing this court, clearly does not permit this appeal, because it is throughout limited to cases which have come to the Circuit Courts

of Appeals by appeal or writ of error. As the revisory power in matter of law given the Circuit Courts of Appeals by the act of July 1, 1898, 30 Stat. 544, c. 541 [U. S. Comp. St. 1901, p. 3418], is a peculiar one, specially conferred by that act, it cannot reasonably be held that section 6 of the act establishing this court has any relation thereto. Therefore, the parties having elected to litigate in this court, under subdivision "b" the proceedings terminate here, unless the case is cer-tified to the Supreme Court, either at the option of that court on its requirement or at our option.

All the indications in the Supreme Court, so far as they touch this topic, are in the direction of the conclusion which we have stated. The trustee relies on an expression in Bardes v. Hawarden Bank, 175 U. S. 526, 528, 20 Sup. Ct. 196, 44 L. Ed. 261, where, referring to the appellate jurisdiction under the act establishing this court, the opinion said that the bankruptcy act had made no change, but that is clearly limited to the question whether the act of July 1, 1898, had made a change as to the power of the District Court to certify the question of jurisdiction before a final judgment has been entered. It clearly has no relation to the question before us, either directly or by any possible inference. Huntington v. Saunders, 163 U. S. 319, 16 Sup. Ct. 1120, 41 L. Ed. 174, which will be referred to in another connection, is not in point with reference to this particular topic, because it arose under a statute which, in view of the construction constantly given by the Supreme Court to the act establishing this court, brought the case here by an appeal from the Circuit Court. It was therefore clearly within section 6, already referred to.

On the other hand, the opinion in The First National Bank of Denver v. Klug contained the following: "The decisions of those courts [meaning the Circuit Courts of Appeals] might be reviewed here on certiorari, or in certain cases by appeal, under section 6 of the act of 1891." Reference is there made to several cases, among them Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. That controversy, as appears at page 7, 184 U.S., page 272, 22 Sup. Ct., 46 L. Ed. 405, was brought into the Circuit Court of Appeals by a revisory petition, under paragraph "b" of section 24, supra, precisely like that now before us. It was brought into the Supreme Court by a writ of certiorari issued by that court, and this reference, therefore, supports the theory that cases of the class at bar should be brought to the Supreme Court in that way, and not by appeal, although it must be admitted that this expression in The First National Bank of Denver v. Klug is a dictum. In Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814, the proceedings and practice were the same as in Mueller v. Nugent, already referred to. Nothing can be found from the Supreme Court of an authoritative character which will contravene the construction which settled rules require us to place on the sections of the act of July 1, 1898, to which we have referred, or which would justify us in sending forward this case on appeal.

This conclusion does not leave the parties without relief when the controversy is of such an important or doubtful character that it ought to receive the consideration of the highest tribunal, because the con-

struction which The First National Bank of Denver v. Klug suggests may be put on section 25d with reference to certification and writs of certiorari, as between the Supreme Court and the Circuit Courts of Appeals, makes it applicable to bankruptcy proceedings, no matter in what way they get into the Circuit Courts of Appeals, and whether they come up under section 24 or section 25, 30 Stat. 553, c. 541 [U. S. Comp. St. 1901, pp. 3431, 3432], and this is clearly a just construction of that section.

This leaves us only the application for leave to appeal to the Supreme Court made by the bankrupt in Heman Osborne, Petitioner. This is also a revisory petition, and therefore it is disposed of by what we have said with reference to Freedom Hutchinson, Trustee, Petitioner. There may be a further difficulty, however, which we ought not to fail to explain. In Huntington v. Saunders, 163 U. S. 319, 16 Sup. Ct. 1120, 41 L. Ed. 174, already referred to, an appeal by a creditor against a discharge which had been granted was dismissed on the ground that the case involved only "a speculation on the possibility that, if the discharge were refused, something might be made out of the bankrupt," and that, therefore, the appeal did not meet the requirement that, under section 6 of the act of March 3, 1891, supra, the matter in controversy must exceed $1,000, beside costs. This is not directly in point, because it was an appeal by a creditor, while at bar the bankrupt seeks to appeal. Yet, in view of the general rule applicable to that topic, as stated in Smith v. Adams, 130 U. S. 175, 176, 9 Sup. Ct. 566, 32 L. Ed. 895; Washington Railroad Company v. District of Columbia, 146 U. S. 227, 231, 232, 13 Sup. Ct. 64, 36 L. Ed. 951; South Carolina v. Seymour, 153 U. S. 353, 357, 14 Sup. Ct. 871, 38 L. Ed. 742; Durham v. Seymour, 161 U. S. 235, 16 Sup. Ct. 452, 40 L. Ed. 682; and Hollander v. Fechheimer, 162 U. S. 326, 328, 16 Sup. Ct. 795, 40 L. Ed. 985—a serious question arises whether a pecuniary amount is so directly involved here that the condition in that particular, imposed by section 6 of the statute of March 3, 1891, can be met. Nevertheless, we do not find it necessary to determine this, because, as we have already said, this application is fully met otherwise.

We must, however, notice Audubon v. Shufeldt, 181 U. S. 575, 21 Sup. Ct. 735, 45 L. Ed. 1009. There an appeal was taken directly to the Supreme Court from an order of the Supreme Court of the District of Columbia granting a discharge in bankruptcy. We have examined the printed record, and we find that there was no question in the Supreme Court of the District with reference to the right of appeal, and the case as reported in the Supreme Court of the United States shows that no question was made there. The issue which was discussed in each court was not as to the right to a discharge, but as to its effect. Audubon v. Shufeldt, 181 U. S., at page 577, 21 Sup. Ct. 736, 45 L. Ed. 1009, states it thus: "But the question now before us is" "whether the bankrupt was entitled to a discharge from the arrears of alimony due to his former wife." Thus, the question which the Supreme Court passed on was not simply the right of discharge, which was purely a "proceeding in bankruptcy," but its effect, which ordinarily arises after a discharge is granted, and makes an is-

suable controversy between adverse parties. However, in view of the later case of The First National ·Bank of Denver v. Klug, to which we have referred, it must be said either that Audubon v. Shufeldt did not consider the question of the right of an appeal to the Supreme Court, or that that court found something peculiar with reference to appeals from the Supreme Court of the District, or that the earlier case has been overruled.

In conclusion, we are of the opinion that neither application should be granted. If we are in error, there is ample remedy by writ of mandamus from the Supreme Court. Whatever doubts may remain, we are clearly of the opinion that we ought not to load up the Supreme Court with appeals of the character now under consideration until that court has determined that parties are entitled to take them.

In each case there will be the following order:

The application for an appeal to the Supreme Court is denied.

NOTE BY THE COURT. It appears by the opinion of the Supreme Court in Hutchinson v. Otis (June 1, 1903) 23 Sup. Ct. 778, that the appeal to that court was allowed on account of a contention made by the appellant that "full faith and credit" had not been given to certain judicial proceedings of the state of New York. This proposition was not considered by the Circuit Court of Appeals, and the opinion of the Supreme Court says as to this:

"But so little attention was paid to the question, and the contention seems to us so unmeritorious, that we think that there was color for the motion"— meaning a motion to dismiss the appeal.

Apparently, therefore, the allowance of the appeal does not contravene in any respect the conclusions of the Circuit Court of Appeals.