[No. 7436.]

## ANDERSON V. WOODWARD.

1. COUNTY COURT—*Jurisdiction*—Application by plaintiff in the local land office of the United States to enter land as desert lands. Application denied, and defendant permitted to enter the lands as a homestead. On appeal to the general land office this decision was vacated, and a hearing as to the right of the applicant directed. Pending this appeal the local land office permitted the defendant to make final proof, and delivered to him a patent. *Held,* that the county court had jurisdiction of a bill to cancel the patent. (55)

2. LAND DEPARTMENT—*Unauthorized Action of Officials*—The action of the officers of the land department of the United States, beyond the scope of their authority, is void. A patent for lands which had been previously granted, reserved from sale, or appropriated may be annulled by the courts; otherwise the injured party would be without redress. (55)

*Appeal from Morgan County Court.*—Hon. M. M. HOUSE, Judge.

Messrs. McCONLEY & HINCKLEY, for appellant.

Messrs. TAYLOR & PENDELL, for appellee.

Anderson brought suit in the county court against Woodward, the object of which was to cancel a patent to a designated tract of land. In his complaint plaintiff alleged that the subject matter in controversy did not exceed in value the sum of two thousand dollars; that he had applied to the local land office at Sterling to enter the land embraced in the patent, as a desert entry; that his application was made as provided by the rules and regulations of the government relative to desert entries; that the officers of the local land office rejected his application, and permitted the defendant to make a homestead entry of the land; that thereafter he appealed from this decision, both to the commissioner of the general land office, and the secretary of the interior; that the latter annulled, cancelled, and held for naught the rejection by the local land office of his application for desert entry, and also held for naught the homestead application of defendant, and ordered that defendant be required to show why his entry should not be cancelled, and the application of plaintiff to make desert entry should not be allowed; that this order is in full force and effect; that the hearing so ordered has not been had. He further alleged that pending his appeal the local land office permitted defendant to make pretended final proof, by commutation, upon the land involved, and delivered to defendant a patent therefor, without notice to plaintiff, the officials and defendant well knowing that plaintiff's appeal was pending, and that his rights were then being adjudicated in the general land office, and before the interior department. He also alleged that his application for desert entry was made when the tract involved was vacant government land, and subject to desert entry and prior to the time when defendant was permitted to contest his application.

The defendant demurred upon the ground that the court did not have jurisdiction over the subject matter of controversy, and that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff having elected to stand by

his complaint, his action was dismissed. Plaintiff brings the cause here for review by appeal.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The court had jurisdiction of the cause, and the only question involved relates to the sufficiency of the complaint to state a cause of action. The facts are undisputed, and the proposition is whether on these facts the land department was authorized by law to issue a patent to the defendant.

It has frequently been decided by the supreme court of the United States that patents for lands which have been previously granted, reserved from sale, or appropriated, are void, and that actions may be maintained to annul such patents.—*Morton v. Nebraska,* 21 Wall. 660, 22 L. Ed. 639; *Burfenning v. Chicago, St. P. M. & O. R. Co.,* 163 U. S. 319, 41 L. Ed. 175, 16 Sup. Ct. R. 1018.

These decisions are based upon the ground that the action of the officials of the land department beyond the scope of their authority is void. We think this declaration of the law is applicable here. The local land office had rendered judgment from which plaintiff appealed to the commissioner of the general land office and the secretary of the interior. Pending the disposition of this appeal, which was subsequently decided in favor of plaintiff, the local land office entertained the application of defendant for patent and granted him title. This was beyond their authority for the reason that pending the disposition of the appeal the judgment of the local officials stood suspended, and they were without authority to entertain the application of either party for title.

This being the situation and plaintiff being a claimant of the premises, may maintain an action to annul the patent procured by the defendant, otherwise the action of the land department, which was without authority, deprives plaintiff of all remedy. The secretary of the interior ordered a rehearing before the local land office.

Before this order defendant secured title, which cannot be annuled by the land department, for after issuance of patent its authority and control over the title has passed. —*Moore v. Robbins,* 96 U. S. 530.

Consequently his only redress is in the courts to have the patent cancelled, which if ordered will place the parties in the position to have their rights to the land in controversy determined by the land department in accordance with the order of the secretary of the interior.

The judgment of the county court is reversed and the cause remanded with directions to overrule the demurrer, and for further proceedings according to law.

*Judgment reversed and cause remanded.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE WHITE concur.