Before SANBORN and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

---

## In re WARD.

(District Court, W. D. Louisiana, Lake Charles Division. February 6, 1926.)

No. 2694.

1. **Bankruptcy ⟨⟩413(4).**

Specifications in opposition to discharge, based on commission of offense against bankruptcy laws, must directly charge acts were "knowingly and fraudulently" done.

2. **Bankruptcy ⟨⟩413(4)—Specifications in opposition to discharge, merely alleging failure to schedule certain property, held inadequate to warrant refusal thereof on ground that accused had committed offense (Bankruptcy Act, §§ 14, 29 [Comp. St. §§ 9598, 9613]).**

Under Bankruptcy Act, §§ 14, 29 (Comp. St. §§ 9598, 9613), specifications in opposition to discharge, merely charging failure of bankrupt to schedule certain property, *held* inadequate to warrant refusal of discharge on ground that accused had committed offense.

3. **Bankruptcy ⟨⟩413(4)—Specifications in opposition to discharge alleging failure to schedule property, but no intent to hinder, delay, or defraud creditors, held inadequate (Bankruptcy Act, § 14 [Comp. St. § 9598]).**

Specifications in opposition to discharge, charging failure to schedule certain property, but nowhere alleging any concealment with intent to hinder, delay, or defraud creditors, *held* inadequate to warrant refusal of discharge, under Bankruptcy Act, § 14 (Comp. St. § 9598).

In Bankruptcy. In the matter of the bankruptcy of Steve T. Ward. On creditor's petition for review of ruling of referee, sitting as special master, overruling opposition to discharge. Ruling confirmed, opposition dismissed, and bankrupt discharged.

P. L. Ferguson, of Leesville, La., for bankrupt.

W. W. Thompson, of Leesville, La., opposed.

DAWKINS, District Judge. Steve T. Ward was adjudged a voluntary bankrupt, and in due time applied for a discharge. Thereupon his largest creditor opposed his application upon the following grounds:

"(1) That appearer is informed and believes, and therefore avers, that said bankrupt, Steve T. Ward, is the owner of and has possession of two automobiles, and was the owner of and had possession of said automobiles at the date of the filing of his petition in bankruptcy, neither of which automobiles he listed on his schedule of assets filed with the referee in this matter.

"(2) That the said Steve T. Ward, bankrupt, owns now, and owned at the date of the filing of his voluntary petition in bankruptcy, certain hotel furniture and fixtures in the National Hotel at Leesville, La., none of which furniture and fixtures he listed as among his assets, all of which has been more definitely shown by the evidence adduced at said hearing, being hereto annexed and made part hereof; that said bankrupt himself testified, as will be seen by reference to said testimony (which was confirmed by the testimony of his wife), that he 'sold' said furniture and fixtures to his said wife, and appearer especially represents that, in Louisiana, a husband can make no valid or legal sale to his wife of his assets, and can transfer them in but one way; that is, by dation en paiment, which was not done in this case.

"(3) That by the evidence adduced at the examination of said bankrupt, from his own lips, it is manifest that he has withheld and is now withholding from his trustee assets of which he is the owner and is in possession.

"(4) That the furniture and fixtures located in said National Hotel, of which the said Steve T. Ward is the proprietor, has been owned by said bankrupt and in his possession for more than ten years, many years before he contracted the marriage with the wife with whom he is now living, and that his attempt now to claim said property as belonging to his present wife is a mere

subterfuge and endeavor to deprive his creditors of the benefit of said property in this estate.

"(5) That since the date of the filing of the voluntary petition in bankruptcy by the said Steve T. Ward, bankrupt, the said Steve T. Ward, bankrupt, has continued to operate the National Hotel at Leesville, La., which hotel is a three-story, concrete building, on one of the principal streets of said town, and is furnished with modern equipment and furnishings, and that said bankrupt, so appearer is informed and believes, and therefore avers, has paid no rent on said building or furnishings or equipment since the filing of said petition in bankruptcy, notwithstanding the fact that said building is listed as part of the assets of said bankrupt.

"(6) That located in said National Hotel Building, listed as a part of said bankrupt's assets, are various other fixtures, such as soda water fountain, shelving, counters, showcases, cash registers, chairs, tables, safes, and equipment and furnishings, which the said bankrupt fraudulently, negligently, and with intent to defraud his creditors, failed to list on his schedule of assets when filing his voluntary petition in bankruptcy."

The matter having been heard by the referee, as special master, the opposition was overruled, the discharge recommended, and the case is now before the court upon a petition for review.

Section 14 of the Bankruptcy Act of 1898 (Comp. St. § 9598) declares that the court, upon hearing the application, shall "discharge the applicant unless he has (1) committed an offense punishable by imprisonment, as herein provided; or (2) with intent to conceal his financial condition, destroyed, concealed, or failed to keep books of account or records from which such condition might be ascertained; or (3) obtained *money* or property on credit upon a materially false statement in writing, made *by him* to any person or *his representative* for the purpose of obtaining *credit from such person;* or (4) at any time subsequent to the first day of the four months immediately preceding the filing of the petition transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors; or (5) in voluntary proceedings been granted a discharge in bankruptcy within six years; or (6) in the course of the proceedings in bankruptcy refused to obey any lawful order of, or to answer any material question approved by the court."

[1, 2] The specifications of the present opposition could not possibly be considered under any of these grounds for denying a discharge, except Nos. 1 and 4. The offenses punishable by imprisonment under the Bankruptcy Act are found in section 29 (Comp. St. § 9613), and, in so far as the bankrupt is concerned, are that he has "knowingly and fraudulently" (1) concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy; or (2) made a false oath or account in, or in relation to, any proceeding in bankruptcy." Section 29, p. 893, vol. 1, Collier on Bankruptcy.

While Ward is freely charged with the failure to schedule certain property claimed to belong to him as a bankrupt, there is in the specifications no allegation suggesting that he has committed any offense against the Bankruptcy Law, or that he has "knowingly or fraudulently" concealed any of his assets; nor is he charged with making any false oath, except to the extent that it might be inferred by the charge that he had failed to schedule all of his property. It is uniformly held that, where the opposition is based upon the commission of an offense against the bankruptcy law, it must be directly charged that the acts complained of were "knowingly and fraudulently done," and the allegations in the present case are wholly inadequate to meet this requirement. Collier on Bankruptcy (13th Ed.) vol. 1, pp. 498–500 et seq., and authorities cited in footnote.

[3] What has just been said with regard to insufficiency of allegations under the first ground for opposition, provided by section 14 of the law, is equally applicable to the fourth ground. The petition does not charge that the bankrupt "at any time subsequent to the first day of the four months immediately preceding the filing of the petition in bankruptcy transferred, removed, destroyed or concealed any of his property, *with intent to hinder, delay or defraud his creditors.*" As before indicated, it does charge him with failing to schedule all his property, but without any averment of having done so in a manner to knowingly or fraudulently conceal it from his creditors.

The proof discloses that there is a controversy as to whether certain personal property belongs to the bankrupt or to his wife, but all of it has been and is still openly retained by the wife and the bankrupt in the

same place and under the same circumstances as when the petition was filed, and, if it should properly be devoted to the payment of his debts, there is nothing to prevent the trustee from provoking the necessary civil proceedings to bring this about. Upon the subject of the necessity for specific allegation in the specifications of opposition, I quote from Collier on Bankruptcy. vol. 1, p. 522, as follows:

"(II) Essential Elements.—To constitute concealment of property an objection to a discharge, it must be (1) by the bankrupt, while a bankrupt or after his discharge—in other words, after the filing of the petition—and (2) from his trustee, (3) of property belonging to the estate in bankruptcy, and (4) such concealment must be 'knowingly and fraudulently,' and, without clear proof sustaining it, the specifications must be dismissed." Collier on Bankruptcy (13th Ed.) vol. 1, p. 522. See, also, cases cited in footnotes.

I therefore conclude that the ruling of the referee was correct, and it is therefore confirmed, the opposition to the discharge dismissed, and the bankrupt should be discharged as provided by law.