## In re RONKA.

### No. 59583.

District Court, D. Massachusetts.

Sept. 11, 1940.

J. Alfred Anderson, of New York City, for objecting creditor.

Mahony, Bryer & Coffin and Thomas L. Mackin, all of Boston, Mass., for bankrupt.

McLELLAN, District Judge.

This matter was heard today upon an objection to the bankrupt's discharge, a special master's report thereon, a motion by the objecting creditor that the report be recommitted to the master for further findings, and upon the bankrupt's petition for discharge. The "objections to the Discharge with Specifications annexed" on file in the clerk's office contain the charge that "the bankrupt has wilfully and knowingly prepared, signed and filed a false statement of his financial condition and has wilfully and knowingly made false oath in connection with these bankruptcy proceedings, in that he has wilfully and knowingly failed and omitted to list and state all his debts and creditors * * *." Upon the authority of Strane v. Schaeffer, 8 Cir., 87 F.2d 365; In re Ward, D. C., 11 F.2d 371; and In re Agnew, D. C., 225 F. 650, the bankrupt urges that the objections are fatally defective for failure to state that what the bankrupt did was done "knowingly and

fraudulently." It is also contended on behalf of the bankrupt that aside from this defect, the objection to the discharge is without merit.

The special master's report, hereby confirmed, reads in part:

"I, Charles C. Cabot, Special Master to whom were referred the Specifications of Objection to the above named Bankrupt's discharge, filed by Hilma A. Bergroth, respectfully report that I held a hearing on the matter on May 23, 1939, at which time the objecting creditor was represented by J. Alfred Anderson, 233 Broadway, New York, and the Bankrupt was represented by Thomas L. Mackin.

"The basis of the objection to the discharge is that the Bankrupt committed an offense punishable by imprisonment under the Bankruptcy Act in that he knowingly and fraudulently made a false oath in his proceedings in bankruptcy.

"I find that the only creditor listed by the Bankrupt in his schedules was Hilma A. Bergroth. At the time his schedule was sworn to, the Bankrupt was also indebted to six other persons and was aware of that indebtedness. He failed to schedule any of these creditors. The explanation of having failed to do so was that he was being pressed only by Hilma A. Bergroth and was advised by his then counsel that he need not schedule his other creditors. The Bankrupt is, however, a man of education, having graduated from Boston University, college and Medical School. The oath taken by him upon signing his schedules contains a clause on the front page of the schedules stating that he has listed all of the debts known to him. The Bankrupt testified that he had read this provision but did not realize what it meant.

"Certainly, therefore, the Bankrupt knowingly took a false oath. Whether or not he also took the oath fraudulently, seems to me to be more of a matter of law than of fact. In this connection, however, I find as a fact that the Bankrupt at the time he executed his schedules intended and still intends to pay his creditors in full if and when he is reasonably able to do so. It is significant in this respect that he has, since his bankruptcy, paid the interest on his indebtedness. So far as it may be a question of fact, I find the Bankrupt had no actual intent to defraud those creditors whom he failed to schedule."

■ These findings based upon evidence not reported must stand. They show that the bankrupt knowingly made a false oath as to the number and amount of his debts and the number of his creditors, but the Bankruptcy Act, so far as here material, provides in substance that the Court shall grant a discharge unless satisfied that the bankrupt has committed the offense of having "knowingly and fraudulently * * * made a false oath or account * * * in relation to any proceeding under" the Bankruptcy Act. See Bankruptcy Act, Section 14, sub. c(1), and Section 29, sub. b(2), 11 U.S.C.A. §§ 32, sub. c(1) and 52, sub. b(2). In the light of the nature of the "Objections to the Discharge with Specifications Annexed" heretofore appearing and in view of the master's finding that the "bankrupt had no actual intent to defraud these creditors whom he failed to schedule" and in the absence of anything satisfactorily showing an intent actual or constructive to defraud these creditors or the objecting creditor, the objections to the discharge with specifications annexed are overruled. See Smith v. Keegan, 1 Cir., 111 F. 157.

■ Nor would the result be different if the master's report had contained the material as to the names and addresses of creditors and the amounts of their claims which, in the objecting creditor's motion for recommitment to the master, she seeks to have reported. The existence of other creditors and the bankrupt's failure to schedule them appears sufficiently in the report as it is and the motion for recommitment is, in the exercise of the Court's discretion, denied.

The objection to discharge having been overruled, the bankrupt's petition for discharge, filed before the change in the law dispensing with the necessity for it, is granted.