## STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. VINCENT CICENIA, DEFENDANT-APPELLANT.

Argued January 8, 1951—Reargued January 22, 1951—Decided February 5, 1951.

*Mr. Frank A. Palmieri* argued the cause for the appellant.

*Mr. Richard J. Congleton,* Essex County Prosecutor, argued the cause for the respondent (*Mr. C. William Caruso,* on the brief).

The opinion of the court was delivered by

VANDERBILT, C. J. The facts of this case are simple. The defendants Cicenia, Corvino and DeMasi were indicted for murder. Before trial Cicenia applied for an inspection of alleged confessions made by himself and his codefendants and for an order suppressing his own confession on the ground that it had been obtained while he was under arrest without a complaint or warrant having been made against him, without his having been advised of his constitutional rights, and after he had been denied counsel for seven hours while he was being interrogated and his statement taken. He also sought leave to take testimony in support of his application to suppress his statement. The County Court, after pointing out that the admissibility of the confession could be determined at the trial, held that it had no power to suppress the statement in advance of trial and therefore denied the application to suppress the confession or to take testimony on the question of the suppression. It also denied his motion for an inspection of the alleged confessions.

Thereupon, and without awaiting trial, Cicenia appealed to the Appellate Division of the Superior Court, which dismissed his appeal on the ground that the judgment appealed from, being interlocutory in nature, was not within the provisions of either *Rule* 4:2–1 or *Rule* 4:2–2. From this judgment of the Appellate Division Cicenia has appealed to this court.

Three questions are presented on the appeal to this court:

1. Is the defendant properly before this court on an appeal from the Appellate Division as a matter of right? The question must be answered in the negative. As the Appellate Division pointed out in its opinion, the order of the County Court appealed from is interlocutory and does not fall within any of the provisions of our rules for taking appeals from interlocutory judgments. The defendant's appeal therefore is premature. Moreover, the defendant was not properly before the Appellate Division for still another reason. Not only does *Rule* 1:2–1 relating to this court provide that:

"Appeals may be taken to this court from final judgments * * * directly from the trial courts in capital causes."

but *Rule* 1:5–1(b) is directed to the same end:

"All appeals taken in capital causes are hereby certified directly to this court."

The manifest purpose of these rules is to prevent any undue delay in the appellate court in the ultimate disposition of the most important class of criminal cases coming before us. Any appeal, therefore, that the defendant might have would clearly be to this court rather than to the Appellate Division of the Superior Court. Thus, the appeal being from an interlocutory judgment and also being taken to the wrong court is subject to dismissal on two distinct grounds. Nevertheless, because the other questions in the case have not only been fully argued but are important questions of first impression in this State, we shall treat the appeal as having been certified here on our own motion.

2. The second question raised is whether or not the defendant has an absolute right, as he asserts, to an inspection before trial of his alleged confession and those of his co-defendants. In support of his contention that he has such a right, the defendant relies on *Rule* 2:5–8(c), which provides in part:

"The court may direct that books, papers, documents or other objects \* \* \* be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence, and may upon their production permit the books, papers, documents \* \* \* to be inspected by the parties and their attorneys."

and on *Rule* 2:12–11:

"If no procedure is specifically prescribed the courts exercising criminal jurisdiction may proceed in any lawful matter not inconsistent with the Constitution, these rules, or with any applicable statute."

*Rule* 2:5–8(c), however, gives the defendant no such absolute right as he asserts; it is not mandatory but plainly permissive. Nor does *Rule* 2:12–11 aid his contention, for he is unable to cite a single case in this state or even in the federal courts giving a defendant an unqualified right to such an inspection even with the help of Rule 16 of the Federal Rules of Criminal Procedure with respect to discovery and inspection, a rule which has not, it should be noted, been adopted in this State; see *Shores v. U. S.*, 174 *F.* 2d 838 (*8th Cir.* 1949).

█ But to say that a defendant in a criminal case has no absolute right to an inspection of his own confession is not to deny the right of the trial judge to direct the prosecutor to grant the defendant an inspection of his own alleged confession, if in the sound discretion of the trial judge the interest of justice so requires. In this respect the confession of a defendant stands in a different category from all other papers, including the confessions of his codefendants. On this point the opinion of Chief Justice Marbury, speaking for the entire Court of Appeals of Maryland in *State v. Haas,* 188 *Md.* 63, 51 *A.* 2d 647 (1947), is persuasive. In his opinion, which is confined as is our decision here, to the confession and statements of the defendant himself, the Chief Justice, after reviewing all the authorities, *pro* and *con,* and even without the support of any such rule as our *Rule* 2:5–8(c), held at *p.* 653:

"There can be no doubt that the recognition of the right in a trial court to permit the defendant to examine his confession in advance of the trial was not recognized at common law. But law is a growth and a great many matters, commonplace to us now, were not thought of many years ago. * * * The tendency in the courts of this country is to permit discretion in the trial judge. The argument made against any such discretion is based upon a fear that the State, which is charged with the prosecution of crime, may be hampered in its duty by the disclosure of its evidence to those charged with offenses. Whatever merit that argument has as applied to a situation where it is contended that the accused has a right to inspect the evidence, it has no application, we think, to a situation where the trial judge in each case and on each application, determines what should be done in the interest of justice. There are cases in which it would be clearly unjust to deny such an application and, on the other hand, cases are conceivable in which it might improperly hamper the prosecution to grant such an application. We do not understand that the court below decided that the appellees were entitled to this disclosure as a matter of right."

This rule and this reasoning we adopt. A defendant has no unqualified, absolute right to an inspection of his confession. On the contrary, his application for an inspection is addressed to the sound judicial discretion of the trial court to be exercised only as the interest of justice may require and with the thought in mind that the question of the admissibility of the confession is always a matter for determination at the trial.

3. The third question here on the appeal is whether or not the trial court has any right under the Rules of Criminal Practice to order the suppression of an alleged confession before trial. There are no cases in this State where it has been held that the trial court has the right to suppress a confession in advance of trial, nor do the cases in other jurisdictions so hold in the absence of controlling statutes or rules. *In re Fried,* 161 *F.* 2d 453 (*2d Cir.* 1947), cert. dismissed, 332 *U. S.* 807 (1947), holding that the United States District Court has the power to suppress a confession taken in violation of the accused's constitutional rights, was premised on Rule 41 of the Federal Rules of Criminal Procedure, which permits a person aggrieved by an unlawful search and seizure to move in advance of trial, among other things, to suppress for use as evidence anything so obtained. Federal Rule 41,

however, has not been adopted here nor has any similar counterpart. The piecemeal litigation of criminal causes, contended for by the defendant here, would be so fraught with delay, as this very case so aptly illustrates, as to carry its own condemnation. The reasons of sound public policy that dictate the elimination of double appeals in capital cases likewise require in all criminal matters, and especially in murder cases, a single trial according to our traditional practice in preference to the bifurcated hearing urged by the defendant.

The judgment of the Appellate Division of the Superior Court is modified in accordance with this opinion.

*For modification*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.