24 N.J. Super. 428 (1953)
94 A.2d 695
STATE OF NEW JERSEY, PLAINTIFF,
v.
JOHN HENRY TUNE, DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided February 3, 1953.
*429 Mr. Edward Gaulkin, attorney for the plaintiff.
Mr. Edward J. Gilhooly, attorney for the defendant.
Mr. Charles Danzig, attorney for the defendant.
SPEAKMAN, J.C.C.
Application is made on behalf of the defendant John Henry Tune, under indictment for murder, for an order directing that a subpoena issue requiring the county prosecutor to produce all statements in writing alleged to have been signed by the defendant, together with all statements signed by any other person in connection with the homicide alleged in the indictment so they may be inspected by the defendant's attorneys, and (2) for an order directing the prosecutor to disclose to the defendant's attorneys *430 the names and addresses of all persons having knowledge of relevant facts concerning the offense alleged or in the alternative, for an order directing the prosecutor to submit to interrogatories wherein he shall set forth copies of all written statements obtained by him concerning the charges in the indictment or in the further alternative, for an order directing the prosecutor to permit defendant's attorneys, or some one acting on their behalf, to inspect and copy all statements which they have in their file signed by the defendant or any other person.
It is urged by the defendant's attorneys that it is necessary to obtain the foregoing information so they can make proper preparation for trial, properly prepare the defense in this case, to give defendant the advice of counsel to which he is entitled, that the denial of the production of the information sought and of a right to inspect same will result in an injustice or an undue hardship to the defendant, and that the granting of the relief sought would not hamper the prosecutor in the discharge of his duties or interfere with the preparation and prosecution of this case.
It is first urged by the defendant's attorneys that they are entitled to the foregoing as a matter of right but they cite no case to support this argument and there appears to be none in support thereof except in jurisdictions where such relief is granted expressly by statute or rule of court. Conceding that we have no rule of criminal practice expressly authorizing such extensive pretrial discovery proceedings counsel, nevertheless, argue that the provisions of Rules 3:16-16 to 3:16-40 are incorporated into the criminal practice by virtue of Rule 2:12-11 and that by virtue of these rules they are entitled as of right to the relief sought.
This argument seems to be completely answered by the opinion of Chief Justice Vanderbilt in State v. Cicenia, 6 N.J. 296 (1951). It is contended that that case is not controlling because there the court dealt only with the matter of the issuance of a subpoena duces tecum and not with the broader aspects of pretrial discovery. The language of the *431 opinion, however, will not permit of any such limited application. The Chief Justice said (6 N.J. 299-300):
"The second question raised is whether or not the defendant has an absolute right, as he asserts, to an inspection before trial of his alleged confession and those of his co-defendants. In support of his contention that he has such a right, the defendant relies on Rule 2:5-8 (c), which provides in part:
`The court may direct that books, papers, documents or other objects * * * be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence, and may upon their production permit the books, papers, documents * * * to be inspected by the parties and their attorneys.'
and on Rule 2:12-11:
`If no procedure is specifically prescribed the courts exercising criminal jurisdiction may proceed in any lawful matter not inconsistent with the Constitution, these rules, or with any applicable statute.'
Rule 2:5-8 (c), however, gives the defendant no such absolute right as he asserts; it is not mandatory but plainly permissive. Nor does Rule 2:12-11 aid his contention, for he is unable to cite a single case in this State or even in the federal courts giving a defendant an unqualified right to such an inspection even with the help of Rule 16 of the Federal Rules of Criminal Procedure with respect to discovery and inspection, a rule which has not, it should be noted, been adopted in this State; see Shores v. U.S., 174 F.2d 838, 11 A.L.R.2d 635 (C.C.A. 8 1949)."
From the foregoing it appears clear that the defendant is not entitled to the relief sought as a matter of right.
It is next argued that as a matter of discretion the relief should be granted. Whatever may be said as to the discretionary power of this court in the premises, it seems clear that as to those things other than the defendant's confession, the most compelling of reasons must be present before a defendant's attorney may be permitted to have placed at his disposal for examination a large part, if not all, of the prosecutor's file. See State v. Cicenia, supra. No such compelling reasons are present here and accordingly that part of the application which refers to matters other than the defendant's confession is denied.
*432 The situation, however, is entirely different with respect to the defendant's confession. See State v. Cicenia, supra; State v. Haas, 188 Md. 63, 51 A.2d 647 (Ct. App. Md. 1947); Shores v. U.S., 174 F.2d 838, 11 A.L.R.2d 635 (C.C.A. 8, 1949). It is argued, and with persuasive force, that a defendant's attorney should be permitted to inspect and make a copy of a defendant's signed statement or confession unless the prosecutor is thereby hampered in his public duties in the preparation and prosecution of the case, or where it would appear to be not in the public interest or in the interest of justice that such permission be granted. Considerations of elemental justice suggests that this is the proper approach to the disposition of this phase of the application. As stated by Judge Johnsen in Shores v. U.S., supra, 174 F.2d at page 845, 11 A.L.R.2d 635:
"The court's relation to and control of a confession, by virtue of the nature and status of such an instrument, would seem to be different inherently than as to the ordinary elements of the Government's case. In the first place, the obtaining of a confession is made possible only because of the custody which the law affords. Again, the law recognizes the delicacy involved in such a situation and imposes a special official responsibility in relation to its taking. Objective standards of validity must also be met, and it is only on the basis of the confession being possessed of such validity that it is at all recognized as legally bespeaking any truth. And as an implement of conviction, its truth certainly ought to have the strength to stand up, even after a defendant's rereading of it. Such a statement by a defendant, therefore, manifestly is more than a mere part of the `catchas-catch-can' preparation or personal `work product' of a case, into which our American forensic concepts have been traditionally reluctant, more so even in criminal than in civil cases, to permit any adversarious prowling."
No reasons appear for believing that the prosecutor will be hampered in his preparation for the trial or that there will be a failure of justice, or that the public interest will be adversely affected, if the inspection of defendant's confession is permitted. The case is set for trial two weeks hence and the prosecutor's investigation is undoubtedly entirely completed. The defendant has been in custody since his apprehension *433 shortly after the alleged crime was committed. More than two months elapsed between the time of his apprehension and present counsel's entry into the case, during which time the prosecutor could have made, and undoubtedly did make, a full investigation of the case without any interference by or impediment from any person or source. There is no suggestion that the defendant is in any way connected with any organized ring or criminal gang and therefore the idea of tampering with any witnesses seems extremely remote.
Although conceding discretionary power to permit the inspection and copying of defendant's confession, it is suggested by the prosecutor that this discretion should be exercised only where it appears that the defendant is of such tender age, or of such impaired mental faculties that there exists considerable doubt as to the reliance that could be placed upon it. Such a limited application hardly seems to conform to present day concepts of justice. Furthermore, it is obvious that where such circumstances existed, a defendant would be less prejudiced by the failure of his attorneys to see and inspect his confession than where he is fully matured and in possession of all his faculties, because in those suggested circumstances his attorneys would always be in a position at the trial to make a great showing that the statement or confession should be entitled to little weight, if indeed it were admissible at all.
While no principle can be laid down that is applicable to all cases and each case must be decided on its own facts, this appears to be a proper case to permit the inspection and copying of the defendant's confession.
Accordingly, an appropriate order may be entered.