30 N.J. Super. 239 (1954)
104 A.2d 89
STATE OF NEW JERSEY, PLAINTIFF,
v.
GEORGE W. ROGERS, DEFENDANT.
Superior Court of New Jersey, Hudson County Court, Law Division.
Decided March 15, 1954.
*240 Mr. Frederick T. Law, County Prosecutor, attorney for the State (Mr. Julius D. Canter, First Assistant Prosecutor, of counsel).
Mr. Abraham Miller and Mr. Maurice A. Cohen, attorneys for defendant.
DREWEN, J.C.C.
Defendant has heretofore furnished the prosecutor with a bill of particulars under R.R. 3:5-9(a) relating to the defense of alibi. He now moves that the State be ordered to supply reciprocal particulars under subdivision (b) of the cited rule which provides:
"Within 10 days after receipt of such bill of particulars from the defendant, the prosecuting attorney shall, on written demand therefor, furnish the defendant or his attorney with a written bill of particulars stating the names and addresses of the witnesses upon whom the State intends to rely to establish defendant's presence at the scene of the alleged offense."
The prosecutor declares in response to defendant's motion that the State has no witnesses by whose testimony he can directly "establish defendant's presence at the scene of the alleged offense" and that the State's case in its entirety is circumstantial in character. Notwithstanding this, defendant insists that the names and addresses of the State's witnesses be submitted to him, and that the rule requires it. I am convinced that in these circumstances the rule does not require it. It is my opinion that the provisions of the rule here in question do not contemplate a situation of the kind presented, but that their purpose is confined to the categorical subject of alibi as such. The State could not comply with defendant's demand without giving him a list of all its witnesses, and in relation to every aspect of its circumstantial case. If there is any provision of rule or statute that requires the State to do that, I think it would have to be regarded as something of a novelty in the law. Certainly I am aware of no such provision. The cases submitted by defendant's attorneys afford no authority for what is urged. *241 If the rule did intend that such a requirement was to be enforced, in any circumstance whatever, rudimentary principles of construction would require that it plainly and expressly so declare. Surely a drastic exaction like that now sought could never result from mere implication. It is one thing to have the names of the State's witnesses of alibi. It is a far different thing to have the names of all the witnesses in the State's case.
As matters now plainly portend, there will be no direct issue of alibi in the trial. Defendant's witnesses of alibi will not be directly contradicted. The only contradiction that can develop in that regard is what may be inferable from circumstantial proof. Let me repeat, the rule does not apply in such a situation, as I understand it.
None of the authorities submitted in the memoranda is on all fours with the situation dealt with, but to the extent that they are relevant at all, they support the conclusion I have reached. Chief Justice Vanderbilt, in the recent case of State v. Tune, 13 N.J. 203 (1953), observed "the fundamental difference between civil and criminal proceedings" (at p. 210). And the evil of permitting what defendant here seeks is the subject of the following comment:
"Another result of full discovery would be that the criminal defendant who is informed of the names of all the State's witnesses may take steps to bribe or frighten them into giving perjured testimony or into absenting themselves so that they are unavailable to testify. Moreover, many witnesses, if they know that the defendant will have knowledge of their names prior to trial, will be reluctant to come forward with information during the investigation of the crime. * * * All these dangers are more inherent in criminal proceedings where the defendant has much more at stake, often his own life, than in civil proceedings. The presence of perjury in criminal proceedings today is extensive despite the efforts of the courts to eradicate it and constitutes a very serious threat to the administration of criminal justice and thus to the welfare of the country as a whole."
See also State v. Cicenia, 6 N.J. 296 (1951); State v. Winne, 27 N.J. Super. 304 (App. Div. 1953).
The motion is denied.