38 N.J. Super. 415 (1955)
119 A.2d 183
STATE OF NEW JERSEY, PLAINTIFF,
v.
ARCELIO GONZALES ECHEVARRIA, DEFENDANT.
Superior Court of New Jersey, Essex County Court.
Decided December 16, 1955.
*416 Mr. Charles V. Webb, Jr., Essex County Prosecutor (Mr. Sanford Freedman, appearing), for the State.
Mr. Newton H. Porter, Jr., and Mr. John J. Dios, for defendant.
WAUGH, J.C.C.
The defendant Echevarria, under indictment for murder, applies to the court pursuant to R.R. 3:5-11 for an order permitting counsel to inspect and photograph several written statements. One was made by the defendant in his own handwriting in the Spanish language; apparently one or more additional ones were in the English language, and were signed by defendant while in custody.
Echevarria also moves pursuant to R.R. 3:5-10(c) for leave to have certain personal property, taken from his possession by law enforcement authorities, produced before the court at a time prior to trial so that the defendant and his attorneys may inspect them. At oral argument the State consented to produce these items. An order, consented to by counsel for defendant and the State on this application, is to be presented to the court for signature.
It appears from the affidavit of the defendant Echevarria that he speaks, reads and writes only in the Spanish language; that he has been in custody since August 20, 1955, and that "on said date, or within a day or two thereafter * * * [he] wrote out in narrative form in the Spanish language a *417 description or chronology of [his] activities from the afternoon preceding the morning on which the decedent's body was found * * *. [He] did not retain a copy of said document * * * and cannot * * * recall the exact contents of said document."
On at least two subsequent occasions, the exact dates of which he does not remember, he was interrogated by one or more law enforcement officers through an interpreter, as a result of which written statements were prepared in the English language and signed by him, but he states in his affidavit that he could not read them. He further states that he does not have copies and cannot recall the exact contents. He then goes on to state in his affidavit that he considers the contents of the various affidavits made of the utmost importance in his defense and essential to him in advance of trial.
This application is addressed to the court's discretion, but the court's discretion obviously must be exercised in accordance with the established law of the State and the controlling cases are: State v. Tune, 13 N.J. 203 (1953) and State v. Cicenia, 6 N.J. 296 (1951).
This court has noted the dissenting opinion in the case of State v. Tune, supra, but it is bound, in the exercise of its judicial duties, to follow the opinion of the majority.
All that the defendant here says is that the statements (he does not describe them as confessions) were made while he was without benefit of counsel, that he does not have copies of the same, that he does not recall their contents, and that therefore he cannot inform his counsel of them.
This being so, my judicial discretion must be exercised by denying to him the opportunity to inspect these papers.
This court was concerned about the fact that since the defendant speaks, understands and writes only Spanish, perhaps copies of the papers written in English, which he signed, ought to be delivered to him. However, an examination of the law leads the court to the conclusion that this is something for the court to consider when it has to determine the question of the admissibility of these statements. See *418 State v. Banusik, 84 N.J.L. 640 (E. & A. 1913) and State v. Abbatto, 64 N.J.L. 658 (E. & A. 1900).
In the case of State v. Banusik, Chief Justice Gummere, speaking for the Court of Errors and Appeals, 84 N.J.L., at page 645, indicates the standard of care to be used in taking a statement from a person who does not speak English.
If the State, at the trial of the present issue, has not properly taken the statement, it will be inadmissible. If it has properly taken the statement, the defendant's rights will be amply protected by cross-examination of witnesses preliminary to its admission.
The defendant's application for copies of the statements made in English or in Spanish are denied.