49 N.J. Super. 288 (1958)
139 A.2d 468
STATE OF NEW JERSEY, PLAINTIFF,
v.
SYLVESTER JOHNSON, STANLEY CASSIDY AND WAYNE GODFREY, DEFENDANTS.
Superior Court of New Jersey, Law Division (Criminal).
Decided March 10, 1958.
*289 Mr. Mitchell H. Cohen, Prosecutor of Camden County, attorney for State.
Mr. Elmer Bertman, attorney for Sylvester Johnson.
Mr. Louis Caggiano, attorney for Stanley Cassidy.
Mr. E. Stevenson Fluharty, attorney for Wayne Godfrey.
MARTINO, J.C.C. (temporarily assigned).
This is a criminal case. The crime charged is murder. The grand jury of Camden County indicted the three defendants for murder as a result of a killing which occurred during the attempted perpetration of a robbery. Counsel for the defendants make application before this court for an order directing the county prosecutor to produce before the court, at a time prior to trial as fixed by the court, any statement or confession taken from any of the defendants in writing which the State intends to offer at the trial. The defendants, through their counsel, allege in said notice that the information sought is necessary for the preparation of a proper defense and that a denial will result in an injustice to said defendants. The same notice further provides for an order to inspect any and all statements taken from witnesses which the State intends to offer at the trial on the grounds that they are entitled to inspect such statements before trial for the purpose of cross-examination of the State's witnesses.
The defendants did not pursue the course undertaken by counsel in State v. Tune. 13 N.J. 203 (1953), in that no *290 affidavits substantiating the reasons for the request were attached to the notice served upon the State. The State contends that this is fatal and would justify a refusal on the part of the court.
Query: Can it be said that under such circumstances the failure to supply affidavits has a reasonable relationship to the furtherance of the interests of justice?
It is significant to note that, at the time the application was made in the State v. Tune case, supra, the proceeding was initiated under R.R. 2:5-8(c). The late Chief Justice Vanderbilt, in his majority opinion, made reference to a rule which had secured the approval of the Judicial Conference and would be made a part of the court rules in the following September of that year and which rule was promulgated and is presently referred to as R.R. 3:5-11. The late chief justice stated that this rule adheres to the principle set forth in State v. Cicenia, 6 N.J. 296 (1951). Since the entire court participated in the promulgation of this rule, his statement to the effect that this new rule would not permit the inspection of written statements of others in the possession of the prosecutor can be taken for granted that the purpose of the rule was to direct the judges at the trial level that statements of others than the defendants were not to be available to the defendants where the State resisted any effort to make them available. Mr. Justice Brennan, then of the New Jersey Supreme Court and now of the United States Supreme Court, whose forceful dissent in State v. Tune, supra, concurred in by Mr. Justice Heher and Mr. Justice Jacobs, obliquely referred to statements of others "* * * so that it is reasonable not ordinarily to allow the accused access to the prosecutor's `work product' in the form of the statements of others." The wording of the amended rule known as R.R. 3:5-11 was adopted during Justice Brennan's tenure on the State Supreme Court and the wording of the amendment would seem to indicate that while statements of defendants, if the interests of justice so require, can be available it does not appear to sanction the statements of others.
*291 The attitude of the federal courts in matters affecting the constitutional rights of individuals must be taken into consideration in passing upon questions of this type. United States ex rel. De Vita v. McCorkle, 248 F.2d 1 (3 Cir. 1957).
Judge Learned Hand had occasion to state,
"It is one thing to say that an accused shall in advance of trial have inspection of statements of witnesses taken by the Prosecutor in preparation of its case; it is another to deny him the benefit of so much of said statement as is shown to be inconsistent with the witnesses' testimony on the stand, and could impeach them." United States v. Krulewitch, 145 F.2d 76, 156 A.L.R. 337 (2 Cir. 1944).
This philosophy preceded the opinion of Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957). The right of a defendant to statements of others which is the work product of a prosecutor seems to fall in a different category than the statements of defendants.
Although at common law an accused had no right to inspect his alleged confession prior to trial, the questions of whether or not he has such a right today has been receiving increasing judicial scrutiny. Courts which have reviewed the problem have arrived at three results. Some states adhere to the common law rule; some courts to the privileged or permissive rule, which rule states that the right of a defendant to inspect his confession before trial is within the discretion of the trial court, while the third result gives the defendant an absolute right to a pretrial inspection of his confession and is apparently the law in only one jurisdiction. The New Jersey courts presently adhere to the privileged rule, State v. Cicenia, supra, and before Cicenia, supra, New Jersey followed the common law doctrine, 8 Rutgers L. Rev. 407 (1954).
The majority opinion in State v. Tune, supra, is not authority for the premise that a defendant is never entitled to a copy of his confession; it merely states "If in the sound discretion of the trial judge the interests of justice so require," the trial court may order an inspection. *292 State v. Cicenia, supra. The mode of application for the right to inspect the confession and statements of others made by these present defendants should be frowned upon since they do not give the court or the prosecutor who must oppose it any information upon which the application is based. Each of defendants' counsel, nevertheless, was given full reins to elaborate the reasons why this court should exercise, in the interests of justice, the discretion sought. The only clear reason that could be established from the defendants' representations was that they felt that there was an inconsistency between what the State intended to offer at the time of the trial and the story told by the defendants to their respective counsel. This seems to fall far short from any of the reasons assigned in cases already decided on similar applications which were refused. This court feels that there may be a situation where defendants could properly insist on copies of confessions made by defendants, particularly in capital cases, but the arguments presented herein seem to lack justifiable cause for the exercise of that discretion. Each case must be determined upon its own facts after thorough exploration of the reasons given by the prosecution and the defense.
The conclusion of this court is that defendants are not entitled to either inspect the confessions made by them or any statements made by others before trial.