92 N.J. Super. 549 (1966)
224 A.2d 159
STATE OF NEW JERSEY, PLAINTIFF,
v.
DANIEL FERRARA, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division  Criminal.
Decided October 21, 1966.
*550 Mr. Joel Sondak, Assistant Prosecutor, argued for plaintiff (Brendan T. Byrne, Essex County Prosecutor, attorney).
Mr. Harvey Weissbard, argued for defendant (Messrs. Querques and Isles, attorneys).
SCHAPIRA, J.C.C.
The court is presented with an issue of novel impression in New Jersey and one of importance in facilitating the administration of criminal procedure. The question posed is whether a confession obtained as a result of an illegal search and seizure may be suppressed by motion prior to trial under the authority of R.R. 3:2A-6 (a).
The only case which specifically dealt with this matter was State v. Cicenia, 6 N.J. 296 (1951).
* * * "There are no cases in this State where it has been held that the trial court has the right to suppress a confession in advance of trial, nor do the cases in other jurisdictions so hold in the absence of controlling statutes or rules. In re Fried, 161 F.2d 453, 1 A.L.R.2d 996 (2d Cir. 1947), certiorari dismissed, 332 U.S. 807, 68 S.Ct. 105, 92 L.Ed. 384 (1947), holding that the United States District Court has the power to suppress a confession taken in violation of the accused's constitutional rights was premised on Rule 41 of the Federal Rules of Criminal Procedure, which permits a person aggrieved by an unlawful search and seizure to move in advance of trial, among other things, to suppress for use as evidence anything so obtained. Federal Rule 41, however, has not been adopted here nor has any similar counterpart. * * *" State v. Cicenia, supra, at pp. 301-302. (Emphasis added)
In 1962 New Jersey adopted Criminal Practice Rule 3:2A-6(a) which was based upon Federal Rule 41.
"Except for proposed rules 3:2-5(3) and 3:2-9(2) [here not relevant] we believe these rules [dealing with search and seizure] are substantially similar in all important aspects to rule 41 of the Federal Rules of Criminal Procedure." New Jersey Fourteenth Annual Judicial Conference  Reports and Transcripts 1962, Report of the New Jersey Supreme Court's Committee on Criminal Procedure (April 12, 1962); and Annual Judicial Conference, May 4, 1962 (morning session  Report of the Committee on Criminal Procedure  Judge Edward Gaulkin, Chairman)
*551 The only significant distinction between the rules is the time period within which defense counsel must move the court to suppress the evidence, the New Jersey Rule requiring the motion to be made within 30 days of the initial plea while the Federal Rule allows the motion to be brought any time prior to trial.
New Jersey having adopted a suppression rule substantially similar to Federal Rule 41 (e), the basic premise of Cicenia is dissolved, and, therefore, drawing upon the strong inference of that decision, confessions taken in violation of an accused's rights may now be suppressed prior to trial. Simply stated, now that New Jersey has a rule substantially like Federal Rule of Criminal Procedure 41, the principle of In re Fried, suppressing a confession prior to trial, should be followed. R.R. 3:2A-6(a); State v. Cicenia, supra, at p. 301.
Notwithstanding the Cicenia decision, there is ample independent justification for permitting a pretrial suppression of a confession. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), is the leading case dealing with the effect of an illegal arrest with respect to the admissibility of a subsequent confession, in which the court stated:
"It follows from our holding in Silverman v. United States, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734, that the Fourth Amendment may protect against the overhearing of verbal statements as well as against the more traditional seizure of `papers and effects.' Similarly, testimony as to matters observed during an unlawful invasion has been excluded in order to enforce the basic constitutional policies. McGinnis v. United States, 1 Cir. 227 F.2d 598. Thus verbal evidence which derives so immediately from an unlawful entry and an unauthorized arrest * * * is no less the `fruit' of official illegality than the more common tangible fruits of the unwarranted intrusion. See Nueslein v. District of Columbia, 73 App. D.C. 85, 115 F.2d 690. Nor do the policies underlying the exclusionary rule invite any logical distinction between physical and verbal evidence * * * the danger in relaxing the exclusionary rules in the case of verbal evidence would seem too great to warrant introducing such a distinction." (371 U.S., at pages 485-486, 83 S.Ct., at page 416.)
*552 The underlying rationale is that the government shall not violate constitutional guarantees (here the Fourth Amendment guarantees that an individual shall be secure against unreasonable searches and seizures) "and use the fruits of such unlawful conduct to secure a conviction," Walder v. United States, 347 U.S. 62, 64-65, 74 S.Ct. 354, 356, 98 L.Ed. 503 (1954); it matters not that these "fruits" are confessions rather than some other type of evidence.
In view of the principle of Wong Sun that oral statements are not to be treated differently from other tangible evidence obtained as a result of an illegal search and seizure with respect to their admissibility into evidence, there appears no sound reason for differentiating statements and tangible evidence in a pretrial determination of admissibility.
In re Fried, supra, reflects the policy of the courts in safeguarding the individual's constitutional rights by excluding evidence obtained in violation of those rights, whether oral statements or tangible evidence, and permitted the suppression of a confession prior to trial.
Our present lack of uniformity in dealing with tangible items as opposed to verbal evidence at the pretrial level of a motion to suppress such evidence is illogical, and consistency in dealing with all evidence obtained as a result of an unlawful search and seizure is the most practical approach. In the words of Judge Learned Hand:
"Although, so far as I know, the same rule has not as yet been extended to confessions procured in violation of the Fifth Amendment, I feel too much the force of consistency not to take this added step. True, judges are not to be reformers, but law which depends upon irrational distinctions is rightly discredited, for one alternative or the other is patently wrong. Since I cannot see any rational basis here for distinguishing between the two amendments when the situation is so nearly the same, I am content to accept this innovation." In re Fried, supra, 161 F.2d, at p. 465.
Since it is not inconsistent to treat tangible evidence and confessions alike when dealing with violations of the Fourth and Fifth Amendments, as was the situation confronting *553 Judge Hand, it is much more consistent and logical to treat tangible and verbal evidence alike when such evidence is procured in a violation involving only the Fourth Amendment.
In addition to Fried, the Federal courts have taken the above view and granted motions to suppress confessions resulting from an illegal search. United States v. Pollack, 64 F. Supp. 554 (D.N.J. 1946) (no objection made regarding prematurity of motion); United States v. General Pharmacal Co., 205 F. Supp. 692 (D.N.J. 1962); United States v. Sims, 231 F. Supp. 251 (D. Md. 1964); Austin v. United States, 297 F.2d 356 (4 Cir. 1961).
Our neighboring State of New York has a provision similar to our suppression rule, N.Y. Code of Cr. Proc. § 813-c, and allows a pretrial suppression of "intangible" evidence obtained as a result of the use of eavesdropping devices. The court held it was a trespass constituting an unreasonable search and seizure in violation of the Fourth Amendment and granted a suppression of the intangible product resulting therefrom at the pretrial level, basing its authority not only on Federal Rule 41 and sec. 813-c, but also on the basis that long before Federal Rule 41 and sec. 813-c were adopted motions to suppress were entertained by state and federal courts under the authority of the "inherent power" of the courts. People v. Grossman, 45 Misc.2d 557, 257 N.Y.S.2d 266 (Sup. Ct. 1965).
Based upon the language of Cicenia and our R.R. 3:2A-6 (a) or resting upon the Wong Sun analysis, it is self-evident that a confession obtained by an unlawful search and seizure is evidence that may be used against an accused and should be subject to a pretrial motion to suppress.
The argument that such pretrial procedure would introduce piecemeal litigation is disputed. On the contrary, it would expedite the disposition of criminal cases. There would be no need to interrupt the trial of the case in order to determine the admissibility of such confession.
"Deciding issues of admissibility before trial prevents interruption of the trial and distraction of the jury from the main questions, and *554 puts the prosecutor on notice that certain evidence will be useless." Pre-Trial Suppression of Unlawfully Obtained Evidence: Toward a Uniform Federal Criminal Procedure, 60 Harv. L. Rev. 1145, 1151 (1947).
It has long been the policy of the Supreme Court to sanction efficient and expeditious trials.
"* * * Timely steps must be taken to secure judicial determination of claims of illegality on the part of agents of the government in obtaining testimony. To interrupt the course of a trial for such auxiliary inquiries impedes the momentum of the main proceedings and breaks the continuity of the jury's attention." Nardone v. United States, 308 U.S. 338, 341-342, 60 S.Ct. 266, 268, 84 L.Ed. 307 (1939)
Such "timely steps" have been taken in the form of our pretrial procedure, embodied partly in R.R. 3:2A-6 which is a utilitarian device for speeding up and simplifying a trial and the cause of justice. Further, there always exists the possibility that the suppression of evidence prior to trial will spare the State, the defendant, and the courts the time, expense, and burden of the trial.
"[N]othing is more unfair than to leave open a preliminary inquiry which will make the whole prosecution abortive, and thus to put the authorities and their witnesses to the trouble and expense of useless preparation." United States v. Salli, supra, 115 F.2d 292, 294 (C.C.A. 2d 1940).
Based on the above analysis it is the judgment of this court that defendant's motion to suppress his confession may be brought under R.R. 3:2A-6(a).
This rule requires the defendant to move to suppress evidence within 30 days after the initial plea to the charge unless good cause exists for an extension of time, and since defendant pleaded on May 24, 1965 the State contends that this motion to suppress defendant's confession is out of time.
There is no doubt that defendant's original motion to suppress was timely. As to this second motion, an affidavit was submitted by defense counsel in which he confirms that since *555 the confession came about during an interrogation immediately following the defendant's arrest and was, therefore, in his opinion the result of illegal search, he assumed that it would be included in the order of suppression. He further states that the pretrial conference of March 9, 1966 was the date when defendant first was apprised that the confession had not been suppressed. Thereupon, counsel, within three weeks, moved before Judge Yancey to clarify his original order, thereafter referred to this court.
In light of the foregoing, it appears that defendant's motions were timely, and that the second motion was not a separate and independent procedural step, but rather was a motion to clarify the original judgment and should be considered an integral part thereof.
This procedure of inquiring into confessions obtained as a result of an unlawful search and seizure before trial is to be differentiated from the procedure now in vogue where a confession is attacked with respect to its voluntariness which is heard during the trial of the cause and not before.
Good cause being shown, defendant's motion to suppress his confession under R.R. 3:2A-6 will be entertained.