STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIE GREEN, DEFENDANT-APPELLANT.

Argued April 10, 1967—Decided May 1, 1967.

*Mr. Irwin I. Kimmelman* argued the cause for appellant.

*Mr. Brendan T. Byrne,* County Prosecutor of Essex County, argued the cause for respondent (*Mr. Barry Evenchick,* Assistant County Prosecutor, of counsel and on the brief).

PER CURIAM. The defendant was indicted for murder and is awaiting trial. He moved for a pretrial hearing and determination as to the voluntariness and admissibility of a statement allegedly given by him on August 18, 1966 to the Newark Police. The motion was denied by the trial judge who announced that, while he would conduct a hearing on voluntariness and admissibility out of the presence of the jury, he would not do so before trial in view of *State v. Cicenia,* 6 *N. J.* 296, 301–302 (1951), *certiorari* denied 350 *U. S.* 925, 76 *S. Ct.* 215, 100 *L. Ed.* 809 (1955). We granted the defendant's application under *R. R.* 1:2–4(c) for leave to appeal to this Court.

The defendant contends that there is a constitutional right to a hearing on voluntariness in advance of trial but we find nothing in the cases to that effect. The language he quotes from *Jackson v. Denno,* 378 *U. S.* 368, 390, 84 *S. Ct.* 1774, 12 *L. Ed.* 2d 908, 923 (1964), must of course be read in context and furnishes no support for any suggestion that the hearing before the judge on the issue of voluntariness must be in advance of the trial rather than at the commencement or during the course of the trial. In *Jackson* the Court struck down New York's practice which, in general, permitted the jury to pass on the issue of voluntariness without a preliminary finding of voluntariness by the trial judge; it announced a constitutional rule that "a jury is not to hear of a confession unless and until the trial judge has deter-

mined that it was freely and voluntarily given." *Sims v. Georgia,* 385 *U. S.* 538, 87 *S. Ct.* 639, 17 *L. Ed. 2d* 593, 598 (1967). The holding in *Jackson* will easily be satisfied here when the trial judge conducts the hearing at the commencement of or during the trial. If, after the hearing, he finds involuntariness he will of course exclude the confession, but if he finds voluntariness and admissibility he will proceed in accordance with the practice outlined in *State v. Smith,* 32 *N. J.* 501, 557–560 (1960), *certiorari* denied 364 *U. S.* 936, 81 *S. Ct.* 383, 5 *L. Ed. 2d* 367 (1961), and in the many succeeding cases. See *State v. Hodgson,* 44 *N. J.* 151, 161–162 (1965), *certiorari* denied 384 *U. S.* 1021, 86 *S. Ct.* 1929, 16 *L. Ed. 2d* 1022 (1966) ; *State v. Smith,* 43 *N. J.* 67, 75–76 (1964), *certiorari* denied 379 *U. S.* 1005, 85 *S. Ct.* 945, 13 *L. Ed. 2d* 706, rehearing denied 380 *U. S.* 938, 85 *S. Ct.* 945, 13 *L. Ed. 2d* 826 (1965) ; *State v. Tassiello,* 39 *N. J.* 282, 292 (1963).

Although there is no merit to the defendant's contention that a hearing in advance of trial is constitutionally required, the question still remains as to whether it would not be better practice to follow that course rather than await determination of the issue at trial. Ordinary evidential issues are generally held for determination at trial for reasons recently restated in *State v. Hawthorne,* 49 *N. J.* 130 (1967). Search and seizure issues are determined in advance of trial in accordance with formal practice rules which were adopted after due presentation at a Judicial Conference. *R. R.* 3 :2A–1 through *R. R.* 3 :2A–10 ; see *State v. Ferrara,* 92 *N. J. Super.* 549, 550 (*Essex Cty. Ct.* 1966), now on appeal. Arguments pro and con on the practice prescribed by *Cicenia* may readily be mustered and the most desirable course to be followed in the future is not free from doubt. Counsel for the State suggests that if *Cicenia* is ultimately to be abandoned in favor of pretrial hearings it should be done through the promulgation of general practice rules with suitable safeguarding provisions akin to those embodied in the search and seizure rules. We incline to

agree and have therefore directed the Administrative Director to place the subject on the agenda for the Judicial Conference scheduled for May 11 and 12, 1967. Notice thereof has already been published. In the meantime and pending formal action following the Judicial Conference, the practice may justly be permitted to continue as heretofore. Under that practice there was no error here in the trial court's denial of the defendant's motion.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.