95 N.J. Super. 329 (1967)
231 A.2d 224
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
DANIEL FERRARA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 29, 1967.
Decided June 9, 1967.
*330 Before Judges CONFORD, FOLEY and LEONARD.
Mr. James R. Zazzali argued the cause for appellant (Mr. Brendan T. Byrne, Prosecutor of Essex County, attorney).
Mr. Harvey Weissbard argued the cause for respondent (Messrs. Querques & Isles, attorneys).
*331 The opinion of the court was delivered by CONFORD, S.J.A.D.
The Essex County Court determined that defendant should be permitted to bring on a motion to suppress, pursuant to R.R. 3:2A-6, a confession and admissions allegedly obtained from him by certain law enforcement officers as the result of an illegal search of his person and automobile. State v. Ferrara, 92 N.J. Super. 549 (Cty. Ct. 1966). The defendant had previously been indicted for gambling and bookmaking and thereafter had pleaded not guilty. The State's appeal is by leave of court.
We have concluded that the order should be reversed for two reasons: (1) the making of the order was improvident in the circumstances; (2) R.R. 3:2A-6 does not contemplate a motion of this nature.

I
On July 15, 1965 Judge Yancey of the Essex County Court on motion of defendant entered an order to suppress evidence pursuant to R.R. 3:2A-6. The order of suppression specified a key lock case taken from defendant's automobile and a house key apparently taken from his person. The not guilty plea had been entered May 24, 1965. On April 29, 1966, another motion was filed by defendant for an order "suppressing all confessions, statements and admissions whether oral or in writing which were obtained as a result of an unreasonable search and seizure on February 18, 1965." This was the same search involved in the prior motion. Before the second motion came on for hearing it was denied "without prejudice" by Judge Yancey on motion of the State, the order stating it was entered "for reasons expressed in the opinion rendered by the Court." The present appendix does not contain that opinion, but counsel for defendant represents that the reason for the ruling was that the judge deemed such a motion cognizable, if at all, only under R.R. 3:5-5(b) (permitting motions before trial of "[a]ny defense or objection which is capable of determination without the trial *332 of the general issue")  not under R.R. 3:2A-6. Consequently, defendant refiled essentially the same motion as had been denied without prejudice, and this third motion was assigned to the judge (not Judge Yancey) who made the order under appeal. This order was entered, however, not under R.R. 3:5-5(b), as impliedly permitted by Judge Yancey, but as a motion under R.R. 3:2A-6, which that judge had refused to entertain.
The motion, considered as one under R.R. 3:2A-6, was plainly out of time, the rule requiring such a motion to be made within 30 days after plea unless for good cause the time is enlarged by the court. Good cause was not shown here. The defendant had already made a timely and successful motion under the rule. He had not moved to suppress the confession, etc., but only the tangible objects which were in fact suppressed, and there was no good reason why he should not have moved to suppress the confession at the same time. The excuse that counsel did not know the suppression order did not extend to the statement is transparent. The order of suppression, consented to as to form by counsel, mentions only the tangible property. Before us, counsel for defendant frankly conceded that the present motion was an afterthought.
The time limitation of the rule in question is an important element in the procedural policy underlying its adoption, and can be dispensed within only under the conditions specified therein. State v. Raymond, 95 N.J. Super. 175 (App. Div. 1967).

II
In its opinion declaring the availability of R.R. 3:2A-6 as authority to move to suppress in advance of trial a statement or admission taken in the course of an illegal search and seizure the trial court said it was confronted "with an issue of novel impression in New Jersey and one of importance in facilitating the administration of criminal procedure." *333 We agree with this appraisal of the significance of the issue before the court. However, this but underscores the caution with which a trial court should proceed in considering on its own initiative the expansion of the scope of a court rule of such importance  a rule heretofore generally understood in this State to have a more limited purview.
The question presented is not one as to the abstract desirability of pretrial adjudication of the validity of confessions  whether attacked under Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), or on any other ground  but as to whether the Supreme Court contemplated such inquiries by pretrial motion in adopting the rule in question in December 1962.
The adoption by the Supreme Court of Rule 3:2A, "SEARCH WARRANTS," including the procedure in R.R. 3:2A-6 for suppressing evidence seized illegally, was on the recommendation of the court's Criminal Procedure Committee, assigned to study the many procedural problems which arose from the decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). That decision, as well as all heretofore reported New Jersey cases involving illegal search and seizure, was concerned only with the seizure of tangible property. The language of R.R. 3:2A-6 is replete with references to "return of property seized and to suppress the evidence obtained," the latter clause having clear reference to suppression as evidence of the tangible property seized. See the second paragraph of (a) of the section. That the Supreme Court did not actually have in mind the suppression by this type of motion of a confession made as a result of an illegal search is not open to doubt.
The question then presents itself whether the rule should not be deemed constructively to have intended such scope on the reasoning that it constitutes an analogue to Federal Criminal Procedure Rule 41, which has been construed by some federal courts to extend to confessions seized in the course of an illegal search. In re Fried, 161 F.2d 453 (2 Cir. *334 1947), certiorari dismissed 332 U.S. 807, 68 S.Ct. 105, 92 L.Ed. 384 (1947). This is an approach mired with quicksand.
We put aside certain apparent differences between Rule 41 and R.R. 3:2A-6.[1] However, the three appellate opinions in Fried, supra, as well as later federal decisions questioning (and some accepting) the rationale of its majority, indicate the depth of the potential policy differences inherent in the entire question of pretrial investigation of the validity of confessions. See, e.g., Biggs v. United States, 246 F.2d 40, 43 (6 Cir. 1957), certiorari denied 355 U.S. 922, 78 S.Ct. 364, 2 L.Ed.2d 353 (1958).
But of more significance, Fried was a case involving third degree methods in extracting a confession (161 F.2d, at p. 456) as well as having been attended by possibly illegal search procedures, and the former factor was a major consideration in Judge Frank's majority opinion that Federal Rule 41 applied. Id., at p. 457. Judge Learned Hand's reluctant concurrence was on the flat ground that confessions obtained in violation of the Fifth Amendment should be subject to pretrial exclusion so long as evidence seized in violation of the Fourth Amendment was. But defendant concedes, as indeed he must, that confessions attacked as involuntary in violation of the Fifth Amendment cannot now be tested by pretrial motion under R.R. 3:2A-6. See State v. Green, 49 N.J. 244. Thus Fried proves too much. In Green, supra, the Supreme Court indicated it has an open mind on whether confessions, generally, should be made subject to test by motion prior to trial, and the subject was discussed at the recent Judicial Conference.
It does not follow, as apparently assumed by the trial court, that so-called Wong Sun confessions are so easily distinguishable *335 in all material respects from the generality of coerced confessions as to justify an easy assumption that the hitherto undoubted exclusion of the latter from pretrial motion practice does not indicate a similar intent as to the former. Wong Sun, supra, was decided in 1963, after the adoption of R.R. 3:2A-6. Moreover, as pointed out in State v. Jackson, 43 N.J. 148, 168-170 (1964), even in an illegal arrest or search situation the State may always, not inconsistently with Wong Sun, attempt to show that in the particular circumstances the confession was the product of defendant's free will, notwithstanding circumstances reflective of the illegality of the detention or seizure on Fourth Amendment grounds. Thus, the issue of voluntariness may well permeate an inquiry into the validity of a Wong Sun confession and, if entertained on a pretrial motion, implicate such as yet unexplored complications as to whether the defendant would be entitled to retry the voluntariness issue before the jury if the judge ruled against him on the motion. Cf. State v. Broxton, 49 N.J. 373 (May 29, 1967).
All of the foregoing, as well as such other attendant considerations as fractionalizing a trial, see State v. Cicenia, 6 N.J. 296, 302 (1951); cf. State v. Hawthorne, 49 N.J. 130 (1967), serves to emphasize the important and difficult technical and policy considerations which must be weighed before any ultimate determination to authorize pretrial motions to test the validity of confessions of any type is arrived at. Our criminal procedure being closely regulated by rules of court normally adopted after careful scrutiny, we are of the view that a decision to take that step is, and is intended by the Supreme Court to be, solely within the purview of specific rule provision to that effect. R.R. 3:2A-6 does not so provide.
No persuasive contrary argument can be erected on problematic inferences from the 1951 opinion of the Supreme Court in State v. Cicenia, supra, written 11 years prior to promulgation of R.R. 3:2A-6.
*336 We should add that we would find no justification for a pretrial motion to suppress a confession or evidence under R.R. 3:5-5(b). Cf. State v. Hawthorne, supra.
Order reversed.
NOTES
[1] Rule 41 allows full discretion in the judge to entertain the motion for the first time at trial; R.R. 3:2A-6 requires a showing of good cause why it was not made before. Rule 41 allows the motion at any time prior to trial; R.R. 3:2A-6 only within 30 days after plea.