114 N.J. Super. 518 (1971)
277 A.2d 412
STATE OF NEW JERSEY, COMPLAINANT-APPELLANT,
v.
JOHN LEWIS GRAHAM, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1971.
Decided May 17, 1971.
Before Judges KILKENNY, HALPERN and LANE.
Mr. David Linett, Assistant Prosecutor, argued the cause for appellant (Mr. Michael R. Imbriani, Somerset County Prosecutor).
*519 Mr. Robert I. Esposito, Assistant Deputy Public Defender, argued the cause for respondent (Mr. Stanley C. Van Ness, Public Defender).
The opinion of the court was delivered by HALPERN, J.A.D.
On September 15, 1970 defendant was indicted for murder. On January 15, 1971, pursuant to N.J.S.A. 2A:74-9, an order was entered to summon a special panel of petit jurors to serve for the trial of the indictment on February 16, 1971. Because about 20 of the prospective petit jurors were excused from service, the trial judge decided there were insufficient jurors available to start the trial and postponed it without date. On February 22, 1971 the court entered a new order for another special panel of petit jurors for the trial of the indictment to be held on March 8, 1971.
However, on the original trial date, February 16, 1971, the trial judge commenced hearing motions to determine whether a tape-recorded inculpatory statement given by defendant at the county jail to members of the prosecutor's staff, would be admissible at trial. Defendant contended it was inadmissible because his constitutional rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were violated. The motions also sought a pretrial ruling as to whether three oral statements made by the victim to the police were admissible as either dying declarations, or as spontaneous declarations under the res gestae doctrine.
The trial judge heard testimony on these motions on February 16, and March 8, 1971. He thereafter determined that neither the defendant's nor the victim's statements would be admissible at trial. At that point, on motion of defendant, he further ruled that if defendant testified, the tape recording of his statement could be used at the trial to impeach his credibility. See Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed. 2d 1 (1971).
*520 We granted the prosecutor's application for leave to appeal from the order entered on these pretrial motions. We advised counsel for the parties that we intended, pursuant to R. 2:11-2, to decide the appeal on the papers submitted and such additional briefs as either side desired to file prior to oral argument. This course of action was utilized because of the importance of the case, and because we were aware of the conflicting practice in various counties with respect to hearing such motions (particularly those dealing with confessions) prior to trial.
Our Supreme Court rules do not authorize motions before trial to test the validity of confessions, or the admissibility into evidence of statements made by defendants or other witnesses. Nor do the rules permit pretrial motions to obtain advisory rulings on the admissibility of evidence to be offered at trial. Where pretrial motions akin to the ones before us are permitted, the rules specifically provide for it; e.g., R. 3:5-7 dealing with motions to suppress illegally seized evidence, and R. 3:10-1 to 3:10-7 dealing with pleadings and motions before or after trial.
We are aware that a conflict of opinion exists as to the advisability of expanding the use of pretrial motions to include the testing of confessions, identification and other issues. The arguments advanced by both sides need not be dealt with in this opinion. Until such time as our Supreme Court, by rule or decision, changes our accepted procedure in this regard, trial courts are duty-bound to hear the type of motions involved on this appeal at the time of trial only.
We see no merit in the argument that trial courts have the inherent power to consider such motions in view of the proscription enunciated by the Supreme Court, through Justice Jacobs, in State v. Yough, 49 N.J. 587 (1967) wherein he said:
Under our long-standing practice, the determination as to the admissibility of a confession is properly made at rather than prior to trial. See State v. Cicenia, 6 N.J. 296, 301-302 (1951), certiorari denied 350 U.S. 925, 76 S.Ct. 215, 100 L.Ed. 809 (1955); State *521 v. Green, 49 N.J. 244 (1967); cf. State v. Ferrara, 95 N.J. Super. 329 (App. Div. 1967). Proposed alterations of the practice were the subject of discussion at the last Judicial Conference and are receiving study. See 90 N.J.L.J. 257 (1967). In the meantime and pending the promulgation of formal rules, pre-trial exclusory motions addressed to confessions, particularly where fragmented as here, are not to be entertained. However, in the instant matter, the motion was heard with the State's consent and we therefore pass the procedural irregularity. [at 590-591]
To date, the Supreme Court has not altered the rules of practice in this regard. There is no sound reason for us to overlook the procedural irregularity and accept jurisdiction. Based on the record before us, the judge assigned to try the indictment against defendant will be in a better position to decide the issues raised by the pretrial motions, when considered against the backdrop of all the evidence as it unfolds at trial.
The order entered by the trial judge is reversed, without prejudice to either party to make appropriate motions or objections at the trial pertaining to defendant's or the victim's statements.