115 N.J. Super. 258 (1971)
279 A.2d 128
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOSEPH V. RUGGIERO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 14, 1971.
Decided June 25, 1971.
*259 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. S. Philip Klein argued the cause for defendant.
Mr. Leonard N. Arnold, Assistant Prosecutor, argued the cause for plaintiff (Mr. Michael R. Imbriani, Somerset County Prosecutor, attorney).
PER CURIAM.
The State appeals, by leave of this court, from a pretrial grant of a motion by defendant to exclude from evidence, in an imminent trial of defendant on charges of several indecent exposures, certain lineup identifications of defendant by witnesses of the alleged acts and an identification of him in the municipal court during the course of a preliminary hearing. The trial court also ruled that the circumstances of the lineup identification were not so unduly suggestive as to deny due process, and also that the in-court identifications of defendant (i.e., those made in the course of the voir dire hearing on the motion) were not tainted by the lineup identifications, being the independent product of observations by the witnesses of defendant at the time of the alleged crimes. Defendant has not cross-appealed from *260 the latter determinations and consequently their correctness is not an issue before us.
We observe, preliminarily, that there is no practice rule permitting the admissibility of identification evidence to be determined by pretrial motion. Cf. State v. Graham, 114 N.J. Super. 518 (App. Div. 1971). Since, however, the questions involved have been adjudicated at a rather lengthy hearing below, we will determine the appeal on the merits.
A series of incidents of indecent exposure in Bound Brook occurring from January 19 through March 17, 1970 were reported to the police. Each of a number of teen-age girls reported having seen one of these acts, committed in each instance by a man driving a blueish or aqua station wagon who would slow down when approaching them and expose himself before them.
On March 30 Sergeant Cimino of the local police stopped a vehicle answering the stated description being driven by defendant and requested him to drive to police headquarters. There defendant was viewed through a one-way glass by two girls, victims of a March 13 exposure, but they were unable to identify him. Defendant was then told that there had been four or five other incidents of exposure with other girls and he was requested to return to the station the next day after work.
Defendant did return the next day and was placed in a police lineup of four persons, the other three being men doing repair work around the building. Five girls successively viewed the lineup through a one-way mirror. Two could not identify defendant but three did, two of them being victims of the February 25 incident, and one of that of January 19. He was then for the first time placed under arrest. We do not discuss the attendant circumstances of the identifications, since the issues on the State's appeal are not affected thereby. The trial court held that defendant had a constitutional right to counsel at the lineup under the rationale of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), in default of which the fact of the lineup identification *261 would not be admissible in evidence at the instance of the State. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).
The State argues that the ruling was in error because (1) the lineup was prior to any indictment and (2) defendant was not in police custody at the time of the lineup. We pass the first ground, that legal question not requiring determination here. (It was left open in State v. Mustacchio, 57 N.J. 265, 269-270 (1970) and in State v. Royster, 57 N.J. 472, 482 (1971)).
It is settled in this State that where the out-of-court identification precedes both custody and arrest, counsel is not required. State v. Royster, supra, 57 N.J. at 482; State v. Moore, 111 N.J. Super. 528, 532 (App. Div. 1970), certif. den. 57 N.J. 210 (1971). We conclude that, for purposes of the present issue, defendant was not in custody when identified. Although he had been a subject of suspicion since the day before, he was not held by the police. He had been requested to go to headquarters the day before, but when not then identified had been allowed to go home and was merely requested to come in again the next day, at his convenience after work. There having been neither custody nor arrest, the Wade right of counsel was not applicable.
We think the court also erred in holding inadmissible the fact of the identification of defendant at the preliminary hearing by one of the girls who had previously identified him at the station lineup. The trial court felt the circumstances of that identification were unfair in that "presumably * * * there would be some indication of who he [defendant] was and that allowing such identifications might cause defendants involuntarily to waive preliminary hearings." However, this witness was brought to the hearing, not for the purpose of a police-arranged confrontation to secure an initial identification of the malefactor, but rather, consistently with the judicial purpose of the hearing, to establish the State's prima facie case against defendant through a witness who it was known could identify him by reason of her previous positive *262 identification of him at the lineup. She did pick him out of the general audience in the municipal courtroom. This was an entirely unexceptionable procedure on the part of the State and in no sense unfair. Cf. Mason v. United States, 134 U.S. App. D.C. 280, 414 F.2d 1176 (1969); Tyler v. State, 5 Md. App. 265, 246 A.2d 634 (Ct. Spec. App. 1968); Coleman v. State, 8 Md. App. 65, 258 A.2d 42 (Ct. Spec. App. 1969). We are therefore in disagreement with the court's decision as to admissibility of the identification at the preliminary hearing.
The judgment is reversed insofar as it excludes from evidence the lineup and preliminary hearing identifications.